Richard Liebowitz,
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
*(pro hace vice forthcoming)*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALPHA MEDIA LLC,<br><br>　　　　　　　　　Defendant. | **COMPLAINT FOR:**<br><br>　(1) Copyright Infringement<br>　(2) Removal of Copyright<br>　　　Management Information<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, CHRISTOPHER SADOWSKI ("Sadowski" or "Plaintiff"), brings this complaint in the United States District Court for the District of Oregon against ALPHA MEDIA LLC ("Alpha") alleging as follows:

## PARTIES

1. Plaintiff is a professional photographer specializing. Plaintiff resides in Hawthorne, NJ.

2. On information and belief, Alpha is foreign limited liability company, duly registered in the state of Delaware, with a place of business at 1211 SW 5th Avenue, Suite 750, Portland, OR 97204.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

4. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

5. Defendant is subject to personal jurisdiction in Oregon.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

7. This Court also has personal jurisdiction over Defendant, and venue in this District is proper under 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff captured a photograph of a Pokémon go screen ("Copyrighted Photograph"). A true and correct copy of the Photograph is attached hereto attached as Exhibit 1. Plaintiff captured Copyrighted Photograph using great technical skill and careful timing, as well as significant time and energy.

9. Sadowski then licensed the Photograph to the New York Post. The New York Post ran an article that featured the Photograph titled *I got caught cheating through Pokémon Go.* See URL: https://nypost.com/2016/07/12/woman-uses-pokemon-go-to-catch-cheating-boyfriend/. Sadowski's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the NYPost article is attached hereto as Exhibit 2.

10. Defendant copied and posted Copyrighted Photograph to the Defendant's commercial websites, URL's: www.937kclb.com, www.mix1005.fm, and www.1071themonkey.net.

11. Defendant posted Copyrighted Photograph to the following URL's:

12. URL's: http://www.937kclb.com/pokemon/ , and  http://www.mix1005.fm/guy-got-caught-cheating-pokemon-go/ and http://www.1071themonkey.net/man-gets-caught-cheating-girlfriend-pokemon-go-app/ [Exhibit 3].

13. Plaintiff registered Copyrighted Photograph with the United States Copyright Office and was given Registration No.: VA 2-020-908.

## COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

14. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

15. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photograph, which is the subject of a valid and complete application before the United States Copyright Office for Certificate of Copyright Registration.

16. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute Copyrighted Photograph to the public.

17. Plaintiff is informed and believes Defendant, without the permission or consent copied and used Copyrighted Photograph on Defendant's commercial websites, www.937kclb.com, www.mix1005.fm, and www.1071themonkey.net.

18. . In doing so, Defendant violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

19. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

20. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual damages, including any profits realized by Defendant attributable to the infringement, pursuant to 17 U.S.C. § 504(b) for Defendant's infringement of Copyrighted Photograph.

21. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

22. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**

**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT**

**(17 .S.C. § 1202)**

23. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

24. Upon information and belief, in its article on the Website, Defendant copied the Photograph from the New York Post which contained a gutter credit underneath the Photograph stating, "Christopher Sadowski" and placed it on its Website without the gutter credit.

25. Upon information and belief, Alpha intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

26. The conduct of Alpha violates 17 U.S.C. § 1202(b).

27. Upon information and belief, Alpha's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

28. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Alpha intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Alpha also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

29. As a result of the wrongful conduct of Alpha as alleged herein, Plaintiff is entitled to recover from Alpha the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Alpha because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

30. Alternatively, Plaintiff may elect to recover from Alpha statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. The Defendant Alpha be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

C. Immediately and permanently enjoining Defendant, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

D. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

E. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

F. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

G. Reasonable attorney's fees and costs under USC 1203(b);

H. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: Valley Stream, New York
      October 14, 2019

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By: /s/Richard Liebowitz
                                        Richard P. Liebowitz, Esq.
                                        11 Sunrise Plaza, Suite 305
                                        Valley Stream, New York 11580
                                        Tel: (516) 233-1660
                                        RL@LiebowitzLawFirm.com
                                        *(Pro Hace Vice Forthcoming)*

                                        *Attorneys for Plaintiff Christopher Sadowski*