**Susan Marmaduke, OSB 841458**
**susan.marmaduke@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
1050 SW Sixth Avenue, Suite 1600
Portland, OR 97204
Telephone: 503-242-0000
Facsimile: 503-241-1458
Of Attorneys for Defendant ALPHA MEDIA LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHRISTOPHER SADOWSKI,** | Case No. 3:19-cv-01646-JR |
| Plaintiff, | DEFENDANT ALPHA MEDIA LLC'S OPPOSITION TO ATTORNEY RICHARD LIEBOWITZ'S APPLICATION FOR ADMISSION *PRO HAC VICE* |
| vs. | |
| **ALPHA MEDIA LLC,** | |
| Defendant. | |

Defendant Alpha Media LLC opposes Attorney Richard Liebowitz's Application for Leave to Appear *Pro Hac Vice.* Dkt. 8. This is not Mr. Liebowitz's first encounter with the United States District Court for the District of Oregon, much less with the federal courts in other districts. Defendant does not attempt to catalogue Mr. Liebowitz's entire history with the courts but addresses some of the highlights below.

On August 5, 2019, Mr. Liebowitz filed an application to appear *pro hac vice* on behalf of the plaintiff in *Victor Alcorn v. Alpha Media LLC*, US District Court for the District of Oregon Case No. 3:19-cv-1193-SB.  Ex. 1 (Application to Appear *Pro Hac Vice*).  In that application, Mr. Liebowitz certified that he was not subject to disciplinary action.  *Id.* at 2.  Mr. Liebowitz also acknowledged that his "admission to the Bar of the United States District Court for the District of Oregon is solely for the purpose of litigating in the above matter and will be terminated upon the conclusion of the matter."  *Id.* at 1.   Defendant did not oppose the application and the Court granted it.  *Id.* at 4.

On October 14, 2019, Mr. Liebowitz filed a complaint in this case.  Although he purported to represent plaintiff, he is not generally admitted to practice in this Court and filed no application for admission *pro hac vice*.

On August 31, 2019, this Court issued an order stating:

> "All matters stayed in this case for fourteen (14) days, pending Mr. Liebowitz's pro hac vice application with accompanying fee and name of local counsel.  See Local Rule 83-3.  Application to be filed by 11/14/2019.  If an Application is not filed, the case may be dismissed unless plaintiff informs the Court of plaintiff's intention to proceed without counsel."

Dkt. No 4.

November 14, 2019, came and went with no such filing by Mr. Liebowitz or plaintiff.

On that same day, November 14, 2019, Mr. Liebowitz filed an application to appear *pro hac vice* on behalf of the plaintiff in *Glen Craig v. Jerry Jazz Musician, LLC*, US District Court for the District of Oregon Case No. 3:19-cv-01237-MO.  Ex. 2 (Application to Appear *Pro Hac Vice*).  In that application, Mr. Liebowitz acknowledged that he was subject to disciplinary action and attached a list of ten instances in which various federal courts have imposed sanctions against him for various types of malfeasance, including acting in bad faith, failing to attend various hearings and otherwise disregarding Court rules.  *Id*. at 5-6.  Mr. Liebowitz recounted that, in one such instance, on November 1, 2019, he was held in contempt of court for failing to comply with a court order.  *Id*. at 6.

The defendant in *Craig v. Jerry Jazz Musician* opposed Mr. Liebowitz's application for admission *pro hac vice*.  Ex. 3 (Defendant's Opposition to Attorney Richard Liebowitz's Application for *Pro Hac Vice* Admission).  The defendant in that case drew the Court's attention to Mr. Liebowitz's failure in his application for admission *pro hac vice* in the *Alcorn* case to disclose his history of having "regularly been found to have failed to comply with court orders."  Ex. 3, at 5-6.  (*quoting Stridiron v. Cmty Broadcasters, LLC*, 2019 WL 2569863, at *4 (N.D.N.Y. June 21, 2019). The defendant cited and quoted numerous federal courts that have addressed Mr. Liebowitz's "pattern of omissions and "misrepresentations," *Steeger v. JMS Cleaning Servs., LLC*, 2018 WL 1363497, at *2 (SDNY Mar 15, 2018), and his "propensity to take unreasonable positions and to omit crucial facts—or even to make outright misrepresentations—in an apparent attempt to increase costs and to extort unwarranted settlements," *Pereira v. 3072541 Canada*

*Inc.*, 2018 WL 5999636, at *3 (SDNY Nov 15, 2018), and multiple other instances of misconduct.  Ex. 3, at 5-7.  In *Berger v. Imagina Consulting, Inc.*, U.S. District Court for the Southern District of New York Case No. 19-mc-80228-JD, the Court found Mr. Liebowitz in contempt, ordered sanctions of $100 per day, and when Mr. Liebowitz continued to fail to comply with that Court's order, the Court increased the sanctions to $500 per day and ordered him to appear in person on November 13, 2019, to show cause why he should not be taken into custody and incarcerated until he complied with the Court's order.  Ex. 3, at 7.

On October 7, 2019, the Northern District of California issued an Order of Disbarment after Mr. Liebowitz filed cases there without first associating with local counsel.  Ex. 3, App. B, at 1 (Order of Disbarment entered in *In the Matter of Richard Liebowitz,* US District Court for the Northern District of California Case No.  19-mc-80228-JD).

On November 18, 2019, Chief Judge Michael Mosman denied Mr. Liebowitz's application to appear *pro hac vice* in *Craig v. Jerry Jazz Musician.*  Ex. 4 (Order).

On November 19, 2019 – five days past this Court's deadline—Mr. Liebowitz filed an application for admission *pro hac vice* in this case. Ex. 5 (Application for Pro Hac Vice Admission).  Despite Mr. Liebowitz's certification in that application that he has read and is familiar with the Federal Rules of Civil Procedure (*id*. at 1), he has made no attempt to comply with Rule 6(b)(1)(B), which provides, in pertinent part:

> "When an act may or must be done within a
> specified time, the court may, for good cause,
> extend the time * * * on motion made after the

> time has expired if the party failed to act because
> of excusable neglect."

Fed. R. Civ. Pro. 6( b)(1)(B).

And despite Mr. Liebowitz's certification that he has read and is familiar with the Local Rules of this District, he failed to disclose the fact that he has been disbarred from practice in the Northern District of California.  Ex. 5 (Application for Pro Hac Vice Admission).  In failing to do so, he violated the mandate of LR 83-6, which provides:

> "Every attorney admitted to general or special
> practice before this court has an affirmative duty
> to notify the Clerk, Chief Judge, and the assigned
> judge in writing within 14 days after the attorney
> has [b]een suspended or disbarred from practice
> by any court."

L.R. 83-6.  Mr. Liebowitz cannot claim to be unaware of this requirement because the defendant in *Craig* identified the rule and his non-disclosure in that case. Ex. 3, at 6-7.

In light of Mr. Liebowitz's disregard for this Court's order, the Federal Rules of Civil Procedure, and the Local Rules, and his history of unprofessional conduct in this district and elsewhere, defendant respectfully requests that this Court deny his application for *pro hac vice* admission in this case.

DATED this 20th day of November, 2019.

HARRANG LONG GARY RUDNICK P.C.


By:   s/ Susan Marmaduke
        Susan Marmaduke, OSB 841458
        Of Attorneys for Defendant ALPHA
        MEDIA LLC

TABLE OF EXHIBITS

| No. | Document |
|-----|----------|
| 1 | Application for Pro Hac Vice Admission in *Victor Alcorn v. Alpha Media LLC* dated August 5, 2019 |
| 2 | Application for Pro Hac Vice Admission in *Glen Craig v. Jerry Jazz Musician LLC* dated November 14, 2019 |
| 3 | Defendant's Opposition to Attorney Richard Liebowitz's Application for Pro Hac Vice Admission [in *Glen Craig v. Jerry Jazz Musician LLC*] dated November 15, 2019 |
| 4 | Order Denying Application for Pro Hac Vice Admission in *Glen Craig v. Jerry Jazz Musician LLC* dated November 18, 2019 |
| 5 | Application for Pro Hac Vice Admission [in *Christopher Sadowski v. Alpha Media LLC*] dated November 19, 2019 |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Victor Alcorn

Plaintiff(s),

v.

Alpha Media LLC

Defendant(s).

Case No.: 3:19-cv-1193-SB

APPLICATION FOR SPECIAL
ADMISSION – *PRO HAC VICE*

### Application for *Pro Hac Vice* Admission and CM/ECF Registration

Attorney Richard Liebowitz _____ requests special admission *pro hac vice* to the Bar of the United States District Court for the District of Oregon in the above-captioned case for the purposes of representing the following party(s):

Plaintiff- Victor Alcorn

In support of this application, I certify that: 1) I am an active member in good standing with the New York State Bar; and 2) that I have read and am familiar with the Federal Rules of Evidence, the Federal Rules of Civil and Criminal Procedure, the Local Rules of this Court, and this Court's Statement of Professionalism.

I understand that my admission to the Bar of the United States District Court for the District of Oregon is solely for the purpose of litigating in the above matter and will be terminated upon the conclusion of the matter.

**(1)    PERSONAL DATA:**

Name: Liebowitz Richard

| (Last Name) | (First Name) | (MI) | (Suffix) |

Agency/firm affiliation: Liebowitz Law Firm, PLLC

Mailing address: 11 Sunrise Plaza, Suite 305

City: Valley Stream          State: NY          Zip: 11557

Phone number: 516-233-1660          Fax number: _____

Business e-mail address: RL@LiebowitzLawFirm.com

**Application for Special Admission – *Pro Hac Vice***

**(2)    BAR ADMISSION INFORMATION**:

    **(a)**    State bar admission(s), date(s) of admission, and bar number(s):

        New York, October 2015, RL1234

    **(b)**    Other federal court admission(s) and date(s) of admission:

        SDNY 2015, EDNY 2015, NDNY- 2016, WDNY- 2016

**(3)    CERTIFICATION OF DISCIPLINARY ACTIONS**:

☑    I am not now, nor have I ever been subject to any disciplinary action by any state or federal bar association.

☐    I am now or have been subject to disciplinary action by a state or federal bar association.  (See attached letter of explanation.)

**(4)    CERTIFICATION OF PROFESSIONAL LIABILITY INSURANCE:**

Pursuant to LR 83-3, I have professional liability insurance, or financial responsibility equivalent to liability insurance, that meets the insurance requirements of the Oregon State Bar for attorneys practicing in this District, and that will apply and remain in force for the duration of the case, including any appeal proceedings.

**(5)    CM/ECF REGISTRATION:**

I acknowledge that I will become a registered user of the Court's case management and electronic case filing system (CM/ECF) upon approval of this application, and I will receive electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the Local Rules of the District of Oregon.

**Certification of Attorney Seeking *Pro Hac Vice* Admission:** I have read and understand the requirements of LR 83-3, and I certify that the above information is true and correct.

DATED: August 5. 2019

*(Signature)*

U.S. District Court – Oregon
[Rev. 11/2018]

Application for Special Admission – *Pro Hac Vice*
Page 2 of 4

**Exhibit 1**
**Page 2 of 4**

**REQUIREMENT TO ASSOCIATE WITH LOCAL COUNSEL:**

LR 83-3(a)(1) requires applicants for *pro hac vice* admission to associate with local counsel, unless requesting a waiver of the requirement under LR 45-1.

To request a waiver of the requirement to associate with local counsel under LR 45-1, check the following box:

☐ I seek admission for the limited purpose of filing a motion related to a subpoena that this Court did not issue. Pursuant to LR 45-1(b), I request a waiver of the LR 83-3(a)(1) requirement to associate with local counsel and therefore do not include a certification from local counsel with this application.

To associate with local counsel, complete the following section and obtain the signature of local counsel.

Name: _____ Stevens _____ Michael _____ O. _____
                          *(Last Name)*              *(First Name)*         *(MI)*         *(Suffix)*

OSB number:  095198 _____

Agency/firm affiliation:  Stevens & Legal, LLC _____

Mailing address:  3699 NE John Olsen Ave _____

City: Hillsboro _____ State: OR _____ Zip:  97124 _____

Phone number: 971-533-6178 _____ Fax number:  971-228-2608 _____

Business e-mail address: michael@hillsborofirm.com _____

**CERTIFICATION OF ASSOCIATE LOCAL COUNSEL:**

I certify that I am a member in good standing of the bar of this Court, that I have read and understand the requirements of LR 83-3, and that I will serve as designated local counsel in case number   3:19-cv-01193 _____ .

DATED:   August 1, 2019 _____ .

_____
*(Signature of Local Counsel)*

---

**U.S. District Court – Oregon**
[Rev. 11/2018]

**Application for Special Admission –** *Pro Hac Vice*
Page 3 of 4

**Exhibit 1**
**Page 3 of 4**

## COURT ACTION

Application for *pro hac vice* admission by ___Richard Liebowitz___ in case number:

___3:19-cv-01193-SB___ is hereby:

✓   Approved subject to payment of fees.
   Denied.

DATED: ___8/7/2019_____.

*Stacie F. Beckerman*
_____

Stacie F. Beckerman
U.S. Magistrate Judge

**U.S. District Court – Oregon**
[Rev. 11/2018]

**Application for Special Admission –** *Pro Hac Vice*
Page 4 of 4

**Exhibit 1**
**Page 4 of 4**

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

Glen Craig

                         Plaintiff(s),

v.

Jerry Jazz Musician, LLC

                         Defendant(s).

Case No.: 3:19-cv-1237

APPLICATION FOR SPECIAL
ADMISSION – *PRO HAC VICE*

---

### Application for *Pro Hac Vice* Admission and CM/ECF Registration

Attorney Richard Liebowitz _____ requests special admission *pro hac vice* to the Bar of the United States District Court for the District of Oregon in the above-captioned case for the purposes of representing the following party(s):

Plaintiff Glen Craig

      In support of this application, I certify that: 1) I am an active member in good standing with the New York _____ State Bar; and 2) that I have read and am familiar with the Federal Rules of Evidence, the Federal Rules of Civil and Criminal Procedure, the Local Rules of this Court, and this Court's Statement of Professionalism.

      I understand that my admission to the Bar of the United States District Court for the District of Oregon is solely for the purpose of litigating in the above matter and will be terminated upon the conclusion of the matter.

  **(1)**    **PERSONAL DATA:**

Name: Liebowitz       Richard       P.

        *(Last Name)*       *(First Name)*       *(MI)*       *(Suffix)*

Agency/firm affiliation: Liebowitz Law Firm, PLLC

Mailing address: 11 Sunrise Plaza, Suite 305

City: Valley Stream       State: NY       Zip: 11580

Phone number: 516-233-1660       Fax number: 516-612-2740

Business e-mail address: RL@LiebowitzLawFirm.com

**Exhibit 2**
**Page 1 of 6**

**(2)**   **BAR ADMISSION INFORMATION**:

    **(a)**   State bar admission(s), date(s) of admission, and bar number(s):

        New York- 08/2015, RL1234

    **(b)**   Other federal court admission(s) and date(s) of admission:

        SDNY- 10/2015, EDNY- 10/15, NDNY- 02/16, WDNY- 02/16

**(3)**   **CERTIFICATION OF DISCIPLINARY ACTIONS**:

    ☐   I am not now, nor have I ever been subject to any disciplinary action by any state or federal bar association.

    ☑   I am now or have been subject to disciplinary action by a state or federal bar association.  (See attached letter of explanation.)

**(4)**   **CERTIFICATION OF PROFESSIONAL LIABILITY INSURANCE:**

Pursuant to LR 83-3, I have professional liability insurance, or financial responsibility equivalent to liability insurance, that meets the insurance requirements of the Oregon State Bar for attorneys practicing in this District, and that will apply and remain in force for the duration of the case, including any appeal proceedings.

**(5)**   **CM/ECF REGISTRATION:**

I acknowledge that I will become a registered user of the Court's case management and electronic case filing system (CM/ECF) upon approval of this application, and I will receive electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the Local Rules of the District of Oregon.

**Certification of Attorney Seeking *Pro Hac Vice* Admission:** I have read and understand the requirements of LR 83-3, and I certify that the above information is true and correct.

DATED:   11/14/19               .

*Richard Liebowitz*

*(Signature)*

---

**Exhibit 2**

**Page 2 of 6**

**REQUIREMENT TO ASSOCIATE WITH LOCAL COUNSEL:**

LR 83-3(a)(1) requires applicants for *pro hac vice* admission to associate with local counsel, unless requesting a waiver of the requirement under LR 45-1.

To request a waiver of the requirement to associate with local counsel under LR 45-1, check the following box:

☐ I seek admission for the limited purpose of filing a motion related to a subpoena that this Court did not issue. Pursuant to LR 45-1(b), I request a waiver of the LR 83-3(a)(1) requirement to associate with local counsel and therefore do not include a certification from local counsel with this application.

To associate with local counsel, complete the following section and obtain the signature of local counsel.

Name: Stevens, Michael O.

|  (Last Name) | (First Name) | (MI) | (Suffix) |

OSB number: 095198

Agency/firm affiliation: Stevens & Legal, LLC

Mailing address: 3699 NE John Olsen Avenue

City: Hillsboro      State: OR      Zip: 97124

Phone number: 971-533-6178      Fax number: _____

Business e-mail address: Michael@HillsboroFirm.com


**CERTIFICATION OF ASSOCIATE LOCAL COUNSEL:**

I certify that I am a member in good standing of the bar of this Court, that I have read and understand the requirements of LR 83-3, and that I will serve as designated local counsel in case number 3:19-cv-1237 _____.

DATED: 11/12/2019 _____.

_____
*(Signature of Local Counsel)*

---

**Exhibit 2**
**Page 3 of 6**

---

**COURT ACTION**

---

Application for *pro hac vice* admission by <u>Richard Liebowitz</u>    in case number:

<u>3:19-cv-1237</u>    is hereby:

□   Approved subject to payment of fees.
□   Denied.

DATED: _____.


_____
Judge

---

## Record of Sanctions Orders Against Richard Liebowitz, Esq.

1)      On March 15, 2018, Court imposed sanctions of $2,000 (reduced from $10,000) and ordered Mr. Liebowitz to complete 4 hours of ethics CLE training because he did not serve a notice of initial case management on the defendant (even though defendant already knew of the conference), purportedly omitted certain information concerning the parties' communications and purportedly caused the defendant to incur additional costs. While it is true that Mr. Liebowitz did not serve the notice of conference in that case, the defendant already knew of the existence of the action so it was harmless error. Moreover, Mr. Liebowitz disagrees with the Court's other findings regarding material omissions and increase in costs. The corporate defendant in that case was represented by counsel but failed to file a notice of appearance. Defendant knew of the case all long. Mr. Liebowitz complied with the Court's order but did not agree with decision. *Steeger v. JMS Cleaning Servs., LLC*, No. 17CV8013(DLC), 2018 WL 1363497, at *1 (S.D.N.Y. Mar. 15, 2018).

2)      On April 2, 2018, Liebowitz Law Firm, PLLC was sanctioned $100 for failing to serve initial disclosures. *Anderson v. Outhouse PR, LLC*, No. 17-cv-6722 (S.D.N.Y Apr. 2, 2018) (Dkt. 21).

3)      On June 22, 2018, Mr. Liebowitz was fined $200 for failing to attend a hearing as ordered and failing to comply with the court's orders relating to service of process. *Romanowicz v. Alister & Paine, Inc.*, 17-cv-8937 (S.D.N.Y June 22, 2018).

4)      On October 5, 2018, Mr. Liebowitz was sanctioned $650 for failing to provide adequate discovery responses. *Seidman v. GAX Productions, LLC*, 18-cv-2048 (S.D.N.Y. Oct. 5, 2018).

5)      On October 9, 2018, Mr. Liebowitz was sanctioned $500 for failing to appear at a final pretrial conference. *Chicoineau v. Bonnier Corp.*, 18-cv-3264 (S.D.N.Y. Oct. 9, 2018).

6)      On March 29, 2019, the Court awarded defendant approximately $98,000 in attorneys' fees against Mr. Liebowitz and Liebowitz Law Firm, PLLC after finding that the firm acted in "bad faith" by filing a motion to disqualify defendant's expert witness, who had previously consulted with Plaintiff as an expert in the same action. Mr. Liebowitz believed that the motion was meritorious as defendant assumed the risk that by retaining a flip-flopping expert, Plaintiff would move to disqualify. Mr. Liebowitz complied with the Court's order but did not agree with decision. *Craig v. UMG Recordings, Inc.,* No. 16-CV- 5439 (JPO), 2019 WL 1432929 (S.D.N.Y. Mar. 29, 2019).

7)      On August 8, 2019, the Court sanctioned Mr. Liebowitz in the amount of approximately $9,500 for not participating in a Court-ordered mediation session and not appearing for a scheduled case management conference. With respect to the mediation, the client was not available to participate. With respect to the court conference, the case was settled the night before the conference, and the Court decided to move forward with it despite a joint motion to adjourn. Mr. Liebowitz complied with the Court's order but did not agree with decision. *Rice v NBCUniversal, LLC*, 19-CV-447 (JMF), 2019 WL 3752491, at *1 (SDNY Aug. 8, 2019)

8)      On October 22, 2019, the Court awarded sanctions against Mr. Liebowitz because four pages of material documents were produced for the first time on summary judgment, less than four weeks after the discovery deadline. Mr. Liebowitz believes that defendant suffered no prejudice of any kind because it failed to conduct any discovery, did not move to compel production, and did not even serve a deficiency letter. The motion for fees remains pending and plaintiff in the case has moved to recuse the judge in that proceeding for expressing a high degree of antagonism against plaintiff's counsel. *Sands v Bauer Media Group USA, LLC*, 17-CV-9215 (LAK), 2019 WL 5395602, at *1 (SDNY Oct. 22, 2019).

**Exhibit 2**
**Page 5 of 6**

9)      On October 9, 2019, Court sanctioned Mr. Liebowitz $1,500 for not filing a proof of service and not providing defendant with licensing fee information.  However, defendant had yet to file an appearance in the action so there was not way to provide it with the necessary information.  The failure to file a timely proof of service was non-prejudicial and harmless error.  Mr. Liebowitz complied with the Court's order but did not agree with decision. *Polaris Images Corp. v CBS Interactive, Inc.*, 19-CV-3670 (VEC), 2019 WL 5067167, at *1 (SDNY Oct. 9, 2019

10)      On November 1, 2019, Mr. Liebowitz was held in contempt of Court for failing to comply with Court's order to produce a death certificate of his grandfather and failing to timely pay monetary fines.  Mr. Liebowitz had previously missed a court conference due to the death of his grandfather, although he was mistaken as to the date of actual death.  Mr. Liebowitz has paid all outstanding monetary fines and complied with the Court's order. *Berger v. Imagina Consulting, Inc.*, No. 7:18-cv-08956 (S.D.N.Y.).

**Exhibit 2**

**Page 6 of 6**

**Laura Caldera**, OSB #993786
E-mail: laura.caldera@bullivant.com
**Amanda Bryan**, OSB #173575
E-mail: amanda.bryan@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Defendant Jerry Jazz Musician, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GLEN CRAIG,<br><br>               Plaintiff,<br><br>    v.<br><br>JERRY JAZZ MUSICIAN, LLC,<br><br>               Defendant. | Civil No.: 3:19-CV-01237-MO<br><br>**DEFENDANT'S OPPOSITION TO ATTORNEY RICHARD LIEBOWITZ'S APPLICATION FOR *PRO HAC VICE*** |

Defendant Jerry Jazz Musician, LLC opposes Plaintiff's attorney Richard Liebowitz's

Motion for Leave to Appear *Pro Hac Vice* (Dkt. 7) for the reasons that follow.[1]

**INTRODUCTION**

Mr. Liebowitz is not a member of the Oregon State Bar and filed this case without

---

[1] This brief does not respond to the Complaint at issue in this case, nor does Defendant
intend to waive any rights available under Fed. R. Civ. P. 12.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO ATTORNEY RICHARD
LIEBOWITZ'S APPLICATION FOR *PRO HAC VICE***
**Page 1**

**Exhibit 3**
**Page 1 of 31**

associating with local counsel in this case. Mr. Liebowitz has been the subject of various

sanctions in courts across the country ranging from monetary sanctions to disbarment to an

order to show cause as to why he should not be incarcerated until he complied with one

court's orders. Given his lack of regard for this Court's rules, and his well-known history of

failing to comply with court orders in other jurisdictions, Defendant respectfully requests that

this Court deny Mr. Liebowitz's motion for *pro hac vice* admission to this Court in this case.

## LEGAL STANDARD

"There is no right of federal origin that permits [] lawyers to appear in state courts

without meeting that State's bar admission requirements." *Leis v. Flynt*, 439 U.S. 438, 443,

99 S. Ct. 698, 701, 58 L. Ed. 2d 717 (1979). The caselaw is clear that trial courts have

authority "to establish criteria for admitting lawyers to argue before them." *United States v.*

*Gonzalez-Lopez*, 548 U.S. 140, 151, 126 S. Ct. 2557, 2565, 165 L. Ed. 2d 409 (2006).

"Where an out-of-state attorney suggests through his behavior that he will not abide by the

court's rules and practices, the district court may reject his pro hac vice application." *In re*

*Bundy*, 840 F.3d 1034, 1042 (9th Cir. 2016), subsequent mandamus proceeding, 852 F.3d

945 (9th Cir. 2017) (citations omitted).

This Court has established rules governing out-of-state lawyers' appearance before it.

*See* LR 83; *see also* ORS 9.160(1) ("Except as provided in this section, a person may not

practice law in this state, or represent that the person is qualified to practice law in this state,

unless the person is an active member of the Oregon State Bar."). According to this Court's

local rules, and to avoid the unauthorized practice of law, an out-of-state lawyer must apply

for admission in each case in which the lawyer seeks to appear, must pay the admission fee,

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO ATTORNEY RICHARD
LIEBOWITZ'S APPLICATION FOR *PRO HAC VICE***
**Page 2**

**Exhibit 3**
**Page 2 of 31**

and make certain certifications to this Court. *See* LR 83-3(a). Further, "[e]very attorney

admitted to general or special practice before this Court has an affirmative duty to notify the

Clerk, Chief Judge, and the assigned judge in writing within 14 days after the attorney has

(1) Been suspended or disbarred from practice by any court." *See* LR 83-6.

"The filing of any document constitutes an appearance by the attorney who signs the

document." LR 83-9. "Only attorneys generally or specifically admitted pursuant to this rule

may practice in the district and bankruptcy courts of the District of Oregon." LR 83-1(a).

"Any person who exercises any of the privileges of a member of the bar of this Court without

being entitled to do so is guilty of contempt." LR 83-1(d).

### MR. LIEBOWITZ'S CONDUCT IN THIS COURT

On August 1, 2019, attorney Michael O. Stevens filed the first copyright lawsuit in

this district in which Mr. Liebowitz has filed an appearance as counsel for a copyright

plaintiff. *See Alcorn v. Alpha Media LLC*, U.S. District of Oregon Case No. : 3:19-cv-

01193-SB (2019) at Dkt. No. 1. On August 5, 2019, Mr. Stevens filed a motion seeking *pro*

*hac vice* admission of Mr. Liebowitz. *Id.* at Dkt. No. 5. In his August 5, 2019 *pro hac vice*

application, Mr. Liebowitz represented that he had read and was familiar with the Local

Rules of this Court, and that he understood that his "admission to the Bar of the United States

District Court for the District of Oregon is ***solely for the purpose of litigating in the above***

***matter and will be terminated upon the conclusion of this matter.***" *Id.* (emphasis added);

(For the Court's convenience the application is attached hereto as Appendix A). Mr.

Liebowitz also certified that he had not then, nor had he ever been, subject to any

///

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO ATTORNEY RICHARD
LIEBOWITZ'S APPLICATION FOR *PRO HAC VICE*
Page 3**

**Exhibit 3
Page 3 of 31**

disciplinary action by any state or federal bar association.  *Id.*  Mr. Liebowitz's *pro hac vice*

application was approved by this Court on August 7, 2019.

Following Mr. Liebowitz's application for admission *pro hac vice* in the matter of

*Alcorn v. Alpha Media LLC*, Mr. Liebowitz filed the following cases in this district.

| Date Filed | Case No. | Title | Pro Hac Vice Status as of 11/13/2019 |
|---|---|---|---|
| 08/07/19 | 3:19-cv-01237-MO | *Craig v. Jerry Jazz Musician, LLC* | **None Filed** |
| 08/07/19 | 6:19-cv-01236-MC | *Fortune v. Combined Communications, Inc.* | Filed 9/18/19 |
| 08/08/19 | 1:19-cv-01248-CL | *Adlife Marketing & Communications Company, Inc. v. C & K Market, Inc.* | Filed 9/19/19 |
| 08/11/19 | 6:19-cv-01258-MK | *Newell v. Western Communications, Inc.* | **None Filed** |
| 08/30/19 | 6:19-cv-01394-AA | *Stross v. Smith Rock Masonry Company LLC* | **None Filed** |
| 10/14/19 | 3:19-cv-01646-JR | *Sadowski v. Alpha Media LLC* | **None Filed** |
| 11/01/19 | 6:19-cv-01756-MC | *Karelic v. Aqua Serene Inc.* | **None Filed** |

As demonstrated above, Mr. Liebowitz filed and has been prosecuting no less than

five lawsuits in this Court without a license to practice law in the state of Oregon, and

without seeking admission *pro hac vice*.

On November 14, 2019, Mr. Liebowitz filed his own Motion for Leave to Appear *Pro*

*Hac Vice* in this case. Dkt. No. 7.  Unlike the Motion in *Alcorn v. Alpha Media LLC*, U.S.

District of Oregon Case No. : 3:19-cv-01193-SB, in which Mr. Liebowitz certified on August

5, 2019 that he had never been the subject of any disciplinary actions, in the *pro hac vice*

application in this case, Mr. Liebowitz acknowledges being sanctioned in 6 cases that pre-

date the filing of his *pro hac vice* application in the *Alcorn* matter, and  5 cases that came

thereafter.  However, although LR 83-6 required him to disclose the disbarment order in the

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO ATTORNEY RICHARD LIEBOWITZ'S APPLICATION FOR *PRO HAC VICE***
**Page 4**

**Exhibit 3**
**Page 4 of 31**

Northern District of California, *In the Matter of Richard Liebowitz*, 19-mc-80228-JD, Dkt.

No. 3, and set out at Appendix B hereto, Mr. Liebowitz failed to do so.

## MR. LIEBOWITZ'S CONDUCT IN OTHER COURTS

"In his relatively short career litigating in [the Southern District of New York],

Richard Liebowitz has earned the dubious distinction of being a regular target of sanctions-

related motions and orders. Indeed, it is no exaggeration to say that there is a growing body

of law in this District devoted to the question of whether and when to impose sanctions on

Mr. Liebowitz alone." *Rice v. NBCUniversal Media, LLC*, No. 19-CV-447 (JMF), 2019 WL

3000808, at *1 (S.D.N.Y. July 10, 2019), *report and recommendation adopted*, No. 19-CV-

447 (JMF), 2019 WL 3752491 (S.D.N.Y. Aug. 8, 2019); *see also*, *McDermott v. Monday*

*Monday, LLC*, No. 17CV9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018),

*motion for relief from judgment denied*, No. 17CV9230 (DLC), 2018 WL 5312903

(S.D.N.Y. Oct. 26, 2018) ("Plaintiff's counsel, Richard Liebowitz, is a known copyright

"troll," filing over 500 cases in this district alone in the past twenty-four months."); *Steeger*

*v. JMS Cleaning Servs. LLC*, No. 17CV8013(DLC), 2018 WL 1136113, at *1 (S.D.N.Y.

Feb. 28, 2018), *opinion vacated in part on reconsideration*, No. 17CV8013(DLC), 2018 WL

1363497 (S.D.N.Y. Mar. 15, 2018) ("He is represented by Richard Liebowitz, who has been

labelled a copyright 'troll.'"); *Stridiron v. Cmty. Broadcasters, LLC*, No.

519CV108MADATB, 2019 WL 2569863, at *4 (N.D.N.Y. June 21, 2019) ("His tactics have

led to him being labeled a "copyright troll" by a number of courts."). Mr. Liebowitz has

"regularly been found to have failed to comply with court orders" and has received monetary

sanctions and ordered to complete additional CLE credit hours in ethics and professionalism.

**Bullivant|Houser|Bailey PC**
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO ATTORNEY RICHARD
LIEBOWITZ'S APPLICATION FOR *PRO HAC VICE***
**Page 5**

**Exhibit 3**
**Page 5 of 31**

*Stridiron v. Cmty. Broadcasters, LLC*, No. 519CV108MADATB, 2019 WL 2569863, at *4

(N.D.N.Y. June 21, 2019); *Steeger v. JMS Cleaning Servs., LLC*, No. 17CV8013(DLC),

2018 WL 1363497, at *2 (S.D.N.Y. Mar. 15, 2018) ("It is troubling that the motion for

reconsideration continues the pattern of omissions and misrepresentations that has plagued

Mr. Liebowitz's earlier submissions in this action."); *Craig v. UMG Recordings, Inc., et al.*,

(S.D.N.Y. Mar. 29, 2019) ("In addition to the utter lack of merit to Craig's motion to

disqualify, the Court concludes that the motion was made vexatiously and in bad faith.").

*Pereira v. 3072541 Canada Inc.,* No. 17-CV-6945 (RA), 2018 WL 5999636, at *3 (S.D.N.Y.

Nov. 15, 2018) ("The Court finds particularly concerning Mr. Liebowitz's repeated failures

to follow the orders and rules of this Court and others within the district, as well as his

propensity to take unreasonable positions and to omit crucial facts—or even to make outright

misrepresentations—in an apparent attempt to increase costs and to extort unwarranted

settlements."); *Reynolds v. Hearst Commc'ns, Inc.*, No. 17-CV-6720 (DLC), 2018 WL

1229840, at *4 (S.D.N.Y. Mar. 5, 2018) (finding that Mr. Liebowitz had "failed to comply

with orders in this litigation, as he has in other lawsuits" and that he had "inevitably

increase[d] the cost of litigation" by failing to disclose certain facts), *reconsideration denied*,

2018 WL 1602867, at *2 (S.D.N.Y. Mar. 29, 2018); *Rudkowski v. MIC Network, Inc.*, No.

17-CV-3647 (DAB), 2018 WL 1801307, at *3 & n.3 (S.D.N.Y. Mar. 23, 2018)

("caution[ing]" Mr. Liebowitz for making misrepresentations to the court).

　　Although the courts in Mr. Liebowitz's home state of New York may be most

familiar with his litigation conduct, other courts have expressed concern as well.  Recently,

on October 7, 2019, the Northern District of California issued an Order of Disbarment after

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO ATTORNEY RICHARD
LIEBOWITZ'S APPLICATION FOR *PRO HAC VICE***
**Page 6**

**Exhibit 3**
**Page 6 of 31**

Mr. Liebowitz filed cases there without first associating with local counsel. *See In the Matter of Richard Liebowitz*, 19-mc-80228-JD, Dkt. No. 3. Appendix B.

Finally, in *Berger v. Imagina Consulting, Inc.*, the Southern District of New York found Mr. Liebowitz in contempt, ordered sanctions of $100/day, and when Mr. Liebowitz continued to fail to comply with that court's order the court increased the sanctions to $500/day and ordered Mr. Liebowitz to appear in person on November 13, 2019 to show cause why he should not be taken into custody and incarcerated until he complied with the court's order. *See*, 18-cv-08956-CS (Southern District of New York) Dkt. 60. Appendix C.

## ARGUMENT

This Court has discretion to deny Mr. Liebowitz's *pro hac vice* application given his failure to comply with this Court's rules and his long and tortured history of failing to comply with the rule of law in other jurisdictions.

First, Mr. Liebowitz certified, in his August 5, 2019 motion for admission *pro hac vice* in *Alcorn v. Alpha Media LLC*, U.S. District of Oregon Case No. : 3:19-cv-01193-SB (2019) at Dkt. No. 1, that he had read, was familiar with the Local Rules of this Court, and that he understood that his *pro hac vice* admission would be "***solely for the purpose of litigating in the above matter and will be terminated upon the conclusion of this matter.***" Yet, he used his ECF login to file multiple cases thereafter **without** associating with local counsel.

"Only attorneys generally or specifically admitted pursuant to this rule may practice in the district and bankruptcy courts of the District of Oregon." LF 83-1(a). "Any person who exercises any of the privileges of a member of the bar of this Court without being

**DEFENDANT'S OPPOSITION TO ATTORNEY RICHARD LIEBOWITZ'S APPLICATION FOR *PRO HAC VICE***
**Page 7**

**Exhibit 3**
**Page 7 of 31**

entitled to do so is guilty of contempt." LR 83-1(d). By filing cases in this Court **without** associating with local counsel, Mr. Liebowitz violated the rules of this Court.

Further, "[e]very attorney admitted to general or special practice before this Court has an affirmative duty to notify the Clerk, Chief Judge, and the assigned judge in writing within 14 days after the attorney has (1) Been suspended or disbarred from practice by any court." *See* LR 83-6. Mr. Liebowitz was disbarred by the Northern District of California Court, but he failed to notify this Court of his disbarment.

Finally, although the rules speak to disciplinary sanctions by a bar association, or suspension or disbarment, Mr. Liebowitz's substantial history of receiving sanctions in other courts across the country shows that he will not abide by this Court's rules and practices. *See In re Bundy*, 840 F.3d 1034, 1042 (9th Cir. 2016), subsequent mandamus proceeding, 852 F.3d 945 (9th Cir. 2017) (citations omitted). ("Where an out-of-state attorney suggests through his behavior that he will not 'abide by the court's rules and practices,' the district court may reject his pro hac vice application.").

///

///

///

///

///

///

///

///

**DEFENDANT'S OPPOSITION TO ATTORNEY RICHARD LIEBOWITZ'S APPLICATION FOR *PRO HAC VICE***
**Page 8**

**Exhibit 3**
**Page 8 of 31**

**CONCLUSION**

Given Mr. Liebowitz's lack of regard for this Court's rules, and his well-known

history of failing to comply with court orders in other jurisdictions, Defendant respectfully

requests that this Court deny his motion for *pro hac vice* admission to this Court in this case.

DATED:  November 15, 2019

BULLIVANT HOUSER BAILEY PC


By  *S/ Laura Caldera*
    **Laura Caldera**, OSB #993786
    Email:  laura.caldera@bullivant.com
    **Amanda Bryan**, OSB #173575
    Email:  amanda.bryan@bullivant.com
    Telephone: 503.228.6351
    Attorneys for Defendant Jerry Jazz Musician,
    LLC

4821-6126-1228.1 10285/70000

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**DEFENDANT'S OPPOSITION TO ATTORNEY RICHARD
LIEBOWITZ'S APPLICATION FOR *PRO HAC VICE***
**Page 9**

**Exhibit 3
Page 9 of 31**

Exhibit 3
Page 10 of 31

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

Victor Alcorn

          Plaintiff(s),

v.

Alpha Media LLC

          Defendant(s).

Case No.: 3-19-cv-1193-SB

APPLICATION FOR SPECIAL
ADMISSION – *PRO HAC VICE*

### Application for *Pro Hac Vice* Admission and CM/ECF Registration

Attorney ___Richard Liebowitz___ requests special admission *pro hac vice* to the Bar of the United States District Court for the District of Oregon in the above-captioned case for the purposes of representing the following party(s):

Plaintiff- Victor Alcorn

    In support of this application, I certify that: 1) I am an active member in good standing with the ___New York___ State Bar; and 2) that I have read and am familiar with the Federal Rules of Evidence, the Federal Rules of Civil and Criminal Procedure, the Local Rules of this Court, and this Court's Statement of Professionalism.

    I understand that my admission to the Bar of the United States District Court for the District of Oregon is solely for the purpose of litigating in the above matter and will be terminated upon the conclusion of the matter.

**(1)    PERSONAL DATA:**

Name: ___Liebowitz Richard___

| *(Last Name)* | *(First Name)* | *(MI)* | *(Suffix)* |

Agency/firm affiliation: ___Liebowitz Law Firm, PLLC___

Mailing address: ___11 Sunrise Plaza, Suite 305___

City: ___Valley Stream___    State: ___NY___    Zip: ___11557___

Phone number: ___516-233-1660___    Fax number: _____

Business e-mail address: ___RL@LiebowitzLawFirm.com___

**U.S. District Court – Oregon**
[Rev. 11/2018]

**Application for Special Admission – *Pro Hac Vice***
Page 1 of 4

Appendix A Page 1 of 4
**Exhibit 3**
**Page 11 of 31**

**(2)    BAR ADMISSION INFORMATION:**

    **(a)**    State bar admission(s), date(s) of admission, and bar number(s):

        New York, October 2015, RL1234

    **(b)**    Other federal court admission(s) and date(s) of admission:

        SDNY 2015, EDNY 2015, NDNY 2016, WDNY 2016

**(3)    CERTIFICATION OF DISCIPLINARY ACTIONS:**

    ☑ I am not now, nor have I ever been subject to any disciplinary action by any state or federal bar association.

    ☐ I am now or have been subject to disciplinary action by a state or federal bar association.  (See attached letter of explanation.)

**(4)    CERTIFICATION OF PROFESSIONAL LIABILITY INSURANCE:**

Pursuant to LR 83-3, I have professional liability insurance, or financial responsibility equivalent to liability insurance, that meets the insurance requirements of the Oregon State Bar for attorneys practicing in this District, and that will apply and remain in force for the duration of the case, including any appeal proceedings.

**(5)    CM/ECF REGISTRATION:**

I acknowledge that I will become a registered user of the Court's case management and electronic case filing system (CM/ECF) upon approval of this application, and I will receive electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the Local Rules of the District of Oregon.

**Certification of Attorney Seeking *Pro Hac Vice* Admission:** I have read and understand the requirements of LR 83-3, and I certify that the above information is true and correct.

DATED: August 5, 2019

(*Signature*)

U.S. District Court – Oregon
[Rev. 11/2018]

Application for Special Admission – *Pro Hac Vice*
Page 2 of 4

Appendix A Page 2 of 4
**Exhibit 3**
**Page 12 of 31**

## REQUIREMENT TO ASSOCIATE WITH LOCAL COUNSEL:

LR 83-3(a)(1) requires applicants for *pro hac vice* admission to associate with local counsel, unless requesting a waiver of the requirement under LR 45-1.

To request a waiver of the requirement to associate with local counsel under LR 45-1, check the following box:

☐ I seek admission for the limited purpose of filing a motion related to a subpoena that this Court did not issue. Pursuant to LR 45-1(b), I request a waiver of the LR 83-3(a)(1) requirement to associate with local counsel and therefore do not include a certification from local counsel with this application.

To associate with local counsel, complete the following section and obtain the signature of local counsel.

Name: _____ Stevens _____ Michael _____ O. _____
                    *(Last Name)*                *(First Name)*        *(MI)*        *(Suffix)*

OSB number: _095198_____

Agency/firm affiliation: _Stevens & Legal, LLC_____

Mailing address: _3699 NE John Olsen Ave_____

City: _Hillsboro_____ State: _OR_____ Zip: _97124_____

Phone number: _971-533-6178_____ Fax number: _971-228-2608_____

Business e-mail address: _michael@hillsborofirm.com_____

## CERTIFICATION OF ASSOCIATE LOCAL COUNSEL:

I certify that I am a member in good standing of the bar of this Court, that I have read and understand the requirements of LR 83-3, and that I will serve as designated local counsel in case number ___3:19-cv-01193_____.

DATED: ___August 1, 2019_____.

_____
*(Signature of Local Counsel)*

U.S. District Court – Oregon
[Rev. 11/2018]

Application for Special Admission – *Pro Hac Vice*
Page 3 of 4

Appendix A Page 3 of 4
**Exhibit 3**
**Page 13 of 31**

## COURT ACTION

Application for *pro hac vice* admission by _____ in case number:

_____ is hereby:

   ☐  Approved subject to payment of fees.
   ☐  Denied.

DATED: _____.

_____
Judge

**U.S. District Court – Oregon**
[Rev. 11/2018]

**Application for Special Admission – *Pro Hac Vice***
Page 4 of 4

Appendix A Page 4 of 4
**Exhibit 3**
**Page 14 of 31**

Case 3:19-cv-01646-JR    Document 9    Filed 11/20/19    Page 31 of 55
Case 3:19-cv-01237-MO    Document 8-2    Filed 11/15/19    Page 1 of 1
Case 3:19-mc-80228-JD    Document 3    Filed 10/07/19    Page 1 of 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF RICHARD P. LIEBOWITZ, | Case No. <u>19-mc-80228-JD</u> |
| Plaintiffs, | |
| v. | **ORDER OF DISBARMENT** |
| | Re: Dkt. Nos. 1, 2 |
| RICHARD P. LIEBOWITZ, | |
| Defendant. | |

To be a member of the bar of this Court, an attorney must be an active member in good standing of the State Bar of California. N.D. Cal. Civil L.R. 11-1(b). An attorney search on the State Bar of California's website, http://www.calbar.ca.gov/, indicated that attorney Liebowitz is not an active member of the California bar, and so the Court issued an order directing him to show cause why his membership in the bar of this Court should not be terminated. Dkt. No. 1.

Liebowitz's response, Dkt. No. 2, is not responsive and does not say anything at all about his membership in the State Bar of California. He states that he has obtained "local co-counsel," Dkt. No. 2 ¶ 1, but that is not sufficient.

The Court consequently orders attorney Richard P. Liebowitz removed from the membership roll of the bar of this Court. In addition, attorney Liebowitz is ordered to disclose these OSC proceedings to any judge in this district before whom Liebowitz has a pending pro hac vice application.

**IT IS SO ORDERED.**

Dated:  October 7, 2019

_____
JAMES DONATO
United States District Judge

Exhibit 3
Page 16 of 31

Case 3:19-cv-01646-JR    Document 9    Filed 11/20/19    Page 33 of 55
Case 3:19-cv-01237-MO    Document 8-3    Filed 11/15/19    Page 1 of 7
Case 7:18-cv-08956-CS    Document 60    Filed 11/01/19    Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JASON BERGER,

                                    Plaintiff,

        – against –                                          **ORDER  and
                                                    ORDER TO SHOW CAUSE**

IMAGINA CONSULTING, INC.,
                                                         No. 18-CV-8956 (CS)
                                    Defendant.
------------------------------------------------------------------------x

<u>Seibel, J.</u>

        On April 5, 2019, Defendant filed a letter with the Court requesting a discovery

conference. (Doc. 27.)  That same day, I granted Defendant's request and scheduled a discovery

conference for April 12, 2019 at 11 a.m.  (Doc. 28.)  I also ordered Plaintiff to respond to

Defendant's letter by April 9, (*id.*), which Plaintiff did, (Doc. 30).  On April 12, the Court held

the discovery conference, but Plaintiff's counsel, Richard Liebowitz, did not appear and did not

call or email the Court or Defendant's counsel to explain his absence.  (Minute Entry dated Apr.

12, 2019.)  That same day, I ordered Plaintiff to show cause in writing, on or before April 17,

2019, why he failed to appear for the conference and why he should not be required to pay

Defendant's attorney's fees for the time expended to appear at the conference.  (Doc. 31.)  The

Court also rescheduled the conference for April 18, 2019.  (*Id.*)

        By letter dated April 15, 2019, Mr. Liebowitz advised that he had missed the conference

because of a death in the family which was an "unexpected urgent matter" to which he had to

attend.  (Doc. 32.)  He also said he would be out of the office on April 18 and asked to appear by

phone at the rescheduled discovery conference.  (*Id.*)

Case 3:19-cv-01646-JR    Document 9    Filed 11/20/19    Page 34 of 55
Case 3:19-cv-01237-MO    Document 8-3    Filed 11/15/19    Page 2 of 7
Case 7:18-cv-08956-CS    Document 60    Filed 11/01/19    Page 2 of 7

The conference was held by phone on April 18. (*See* Minute Entry dated Apr. 18, 2019.) Mr. Liebowitz represented that the death in the family occurred on the morning of April 12 and apologized for not letting Defendant's counsel and the Court know. During the conference, issues were discussed that reflected negatively on Plaintiff's counsel's credibility. For example, Plaintiff had answered interrogatories saying his damages calculation had relied on "contracts, invoices, [and] licensing agreements," (Doc. 27 at 1), but when Defendant requested those documents, Plaintiff said he could not produce them without a protective order. After Defendant agreed to a protective order and the Court signed it, (Doc. 23), Plaintiff still produced nothing, despite twice promising to do so. (*See* Doc. 27.) Further, Defendant's counsel represented that Mr. Liebowitz had told Defendant's counsel that he could not comply because he was out of the country due to an emergency, when in reality he was at a trade show in Europe trying to drum up business. At that point, concerned about Mr. Liebowitz's credibility and the possibility that he was trying to increase costs for Defendant's counsel, I determined that I could not merely accept Mr. Liebowitz's representation that he missed the April 12 conference because of a death in the family, and directed that, among other things, by May 1, Mr. Liebowitz provide evidence or documentation regarding who died, when, and how he was notified. I also permitted Defendant's counsel to submit his billing records relating to the discovery dispute by May 1, with Mr. Liebowitz having until May 15 to submit opposition to Defendant's application that Plaintiff cover those fees.[1]

---

[1] I also expressed concern over how Plaintiff's claim of $5000 in damages could possibly have been made in good faith.

Case 3:19-cv-01646-JR    Document 9    Filed 11/20/19    Page 35 of 55
Case 3:19-cv-01237-MO    Document 8-3    Filed 11/15/19    Page 3 of 7
Case 7:18-cv-08956-CS    Document 60    Filed 11/01/19    Page 3 of 7

By letter dated May 1, 2019, Mr. Liebowitz represented that his grandfather had

unexpectedly died on April 12, 2019 and that Mr. Liebowitz was needed to assist with certain

customs for which arrangements had to be made in advance of the Sabbath.  (Doc. 36.)  That

same day, I endorsed the letter as follows:

> This letter is not responsive to my instruction.  Mr. Liebowitz was to *document* who
> passed away, when the person passed away and when Mr. Liebowitz was notified.  The
> reason I requested documentation is that there is reason to believe Mr. Liebowitz is not
> being candid.  So a letter from him does not advance the ball.  When someone dies, there
> is documentation including a death certificate and (almost always) an obituary, and
> nowadays one's phone usually contains evidence of what one was told and when.  Mr.
> Liebowitz may have until 5/3/19 to supplement this letter.

(Doc. 38 (emphasis in original)).  On May 3, 2019, Plaintiff filed a notice of settlement.  (Doc.

41.)  On May 7, 2019, I advised as follows:

> I'm glad the parties have resolved the case (and, I presume, the issue of Plaintiff's
> counsel's expenses for the April 12 conference), but there remains one open issue:  Mr.
> Liebowitz's failure to document the death in the family that he says caused him to miss
> the conference.  (See Doc. 38.).  He was supposed to address that issue by May 3, but I
> will give him until May 9.  Even if Defendant has been made whole, I still need to satisfy
> myself that there is no need for disciplinary or other inquiry.

(Doc. 45.)  On May 9, Mr. Liebowitz filed a Declaration in which he "re-certif[ied]" that the

statements in his April 15 and May 1 letters were true, and he stated that he believed that his

Declaration discharged his obligation to the Court.  (Doc. 46 ¶¶ 6-7.)

On May 13, I responded that Mr. Liebowitz's May 9 Declaration did not resolve the

matter because, given the issues surrounding Mr. Liebowitz's credibility and his failure to

provide any information or documentation regarding his grandfather's death, Mr. Liebowitz's

reiteration could not sufficiently discharge his obligations to the Court.  (Doc. 47.)  I therefore

issued an order to show cause, requiring Mr. Liebowitz to provide documentation or other

evidence (apart from his own word) that demonstrated that a death in the family had occurred

Case 3:19-cv-01646-JR    Document 9    Filed 11/20/19    Page 36 of 55
Case 3:19-cv-01237-MO    Document 8-3    Filed 11/15/19    Page 4 of 7
Case 7:18-cv-08956-CS    Document 60    Filed 11/01/19    Page 4 of 7

that prevented him from attending the April 12 conference and timely notifying the Court and Defendant's counsel of his inability to attend. (*Id.* at 3-4.)

Rather than comply with the Court's order to provide the above documentation, on May 16, Mr. Liebowitz again submitted a Declaration reiterating his belief that his statements contained in the April 15, May 1, and May 9 letters were sufficient to discharge his obligations in response to the Court's order to show cause. (Doc. 48 ¶ 3.)

On July 26, I ordered Mr. Liebowitz, under pain of contempt, to provide a copy of his grandfather's death certificate so as to support his claim that he could not attend the April 12 conference, nor provide timely notice to the Court or opposing counsel, as a result of his grandfather's death. (Doc. 49.) In response, Mr. Liebowitz submitted another Declaration on August 12, stating that he believed that his previous letters sufficed to fulfill his obligations to the Court (in spite of the fact that I explicitly requested documentation other than "his say-so," (*see* Doc. 47 at 4)), and that he should not be required to submit his grandfather's death certificate because it is "a personal matter." (Doc. 50 ¶¶ 3-4.) As I noted in my August 19 response to Mr. Liebowitz's letter, however, although the death of a family member is certainly a personal matter, questions regarding Mr. Liebowitz's candor before the Court are professional in nature. (Doc. 51.) I reassured Mr. Liebowitz that, if he was concerned about the death certificate being available on the public docket, he was welcome to provide the document directly to my chambers to ensure his privacy. (*Id.*) I also made clear that, should he fail to provide the requested documentation by August 26, he would be held in contempt of court and subject to sanctions, including monetary sanctions and/or referral to this Court's Grievance Committee. (*Id.*)

Case 3:19-cv-01646-JR    Document 9    Filed 11/20/19    Page 37 of 55
Case 3:19-cv-01237-MO    Document 8-3    Filed 11/15/19    Page 5 of 7
Case 7:18-cv-08956-CS    Document 60    Filed 11/01/19    Page 5 of 7

On August 26, the day Mr. Liebowitz was required to provide his grandfather's death certificate pursuant to my August 19 order, Mr. Liebowitz instead submitted another Declaration. (Doc. 52.) In this Declaration, Mr. Liebowitz argued that he was not in contempt because this Court's request for his grandfather's death certificate was unlawful, as it "likely constitutes a usurpation of judicial authority or a breach of judicial decorum," (*id* ¶ 14); his previous Declarations complied with my previous orders, (*id.* ¶ 15); "there [was] no basis to impose monetary sanctions," (*id.* ¶ 16); and the Court's assurance that his grandfather's death certificate would not be made public was insufficient to protect his right to privacy, (*id.* ¶ 17).

On September 27, I endorsed Mr. Liebowitz's latest Declaration, stating that:

> There is nothing unlawful about my August 19, 2019 order. There was also nothing unclear about it. Likewise, Mr. Liebowitz's failure to comply is apparent beyond any reasonable doubt. Finally, he has not diligently attempted to comply. To the contrary, while maintaining that the death occurred (and thus implicitly conceding the existence of a death certificate), he has repeatedly refused to provide it, even after the Court made clear that his "good faith declarations" were insufficient and after the Court agreed that the document need not be publicly filed. He has not shown or even alleged an inability to comply.

(Doc. 53.) I therefore declared Mr. Liebowitz to be in contempt of court, and ordered that, should he fail to comply with my order and provide the requested documentation by October 2, he would be subject to monetary sanctions of $100 each business day until he complied. (*Id.*) I also informed Mr. Liebowitz that, "[s]hould this sanction prove insufficient" to ensure his compliance, "additional or different sanctions [would] be considered." (*Id.*)

On October 2, Mr. Liebowitz wrote a letter to my chambers requesting an in-person conference to discuss my September 27 order, and also requesting a stay of that order "[f]or just cause" until the conference could be held. (Doc. 54.) I denied his request, noting that Mr. Liebowitz's letter had not stated what purpose would be served by an in-person conference, nor

Case 3:19-cv-01646-JR    Document 9    Filed 11/20/19    Page 38 of 55
Case 3:19-cv-01237-MO    Document 8-3    Filed 11/15/19    Page 6 of 7
Case 7:18-cv-08956-CS    Document 60    Filed 11/01/19    Page 6 of 7

had it supplied any justification for a stay of my September 27 order. (Doc. 55.) Mr. Liebowitz submitted another letter the next day, October 3, reiterating his request for an in-person conference to discuss his grandfather's death certificate and for a stay "[f]or just cause." (Doc. 56.) I again denied the application, because Mr. Liebowitz had not articulated any purpose that the conference would serve, nor did he supply any cause to stay my September 27 order. (Doc. 57.) I further ordered Mr. Liebowitz to refrain from filing any further requests for a conference unless he could explain specifically what purpose would be served by the conference and to refrain from filing any further requests for a stay of my September 27 order unless he could specifically state a justification for a stay. (*Id.*) I notified Mr. Liebowitz that his first payment under the contempt sanction was due to the Clerk of the Court on Monday, October 7. (*Id.*)

On October 7, Mr. Liebowitz sent a letter requesting a two-week extension to deliver his grandfather's death certificate and requesting that the monetary sanctions be stayed until after the extension had elapsed. (Doc. 58.) This request had come at 8:34 p.m. on October 7, well after the Clerk's Office had closed. (Doc. 59.) That same night, I denied Mr. Liebowitz's request for an extension. (*Id.*) As of November 1, 2019, Mr. Liebowitz has not made any of his required payments. By the Court's count, Mr. Liebowitz was obligated to pay $300 on October 7, 2019; $400[2] on October 15, 2019;[3] $400 on October 21, 2019;[4] and $500 on October 28.

Richard Liebowitz, Plaintiff's counsel in this case, is now in contempt of my August 19, 2019 and September 27, 2019 orders. (*See* Docs. 51, 53.) The $100 fine he accrues each business day has plainly been ineffective to coerce compliance with the August 19, 2019 Order.

[2] I will not count Yom Kippur, which fell October 9, 2019, as a business day.
[3] Monday, October 14, was a national holiday.
[4] See note 3 above.

Case 3:19-cv-01646-JR    Document 9    Filed 11/20/19    Page 39 of 55
Case 3:19-cv-01237-MO    Document 8-3    Filed 11/15/19    Page 7 of 7
Case 7:18-cv-08956-CS    Document 60    Filed 11/01/19    Page 7 of 7

Accordingly, the daily contempt sanction is hereby increased to $500 a day, effective November

6, 2019.  Starting on that date, Mr. Liebowitz will be sanctioned $500 per business day (payable

on Monday of each week, or Tuesday if the office of the Clerk of Court is not open on Monday)

until he has complied in full with my August 19, 2019 and September 27, 2019 Orders.  Further,

Mr. Liebowitz is hereby ORDERED to appear before this Court in person on November 13,

2019 at 10 a.m., and there and then SHOW CAUSE why he should not be incarcerated until such

time as he complies with the above-described orders (and, if applicable, the instant order).

Failure to appear as directed will subject Mr. Liebowitz to arrest by the United States Marshals

Service without further notice.[5]

**SO ORDERED.**

Dated: November 1, 2019
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[5] Should Mr. Liebowitz already be committed to appear before another court on November 13, 2019 at 10 a.m., he shall – no later than November 6, 2019 – so advise the Court by letter and enclose proof of the commitment from a source other than Mr. Liebowitz (such as a court order or docket entry).  No adjournment will be considered unless it is requested on or before November 6, 2019, and unless the request is accompanied by proof of the commitment from a source other than Mr Liebowitz.  The letter shall also provide three dates and times within a week of November 13, 2019 when Mr. Liebowtiz is available to appear before this Court.  If the Court finds the showing sufficient, the Court will advise Mr. Liebowitz of a new date and time.  Unless he hears from the Court about a new date and time, he shall appear on November 13, 2019 at 10 a.m.

Exhibit 3
Page 24 of 31

Case 3:19-cv-01646-JR    Document 9    Filed 11/20/19    Page 41 of 55
Case 3:19-cv-01237-MO    Document 8-3    Filed 11/15/19    Page 1 of 7
Case 7:18-cv-08956-CS    Document 60    Filed 11/01/19    Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JASON BERGER,

                          Plaintiff,

         – against –

IMAGINA CONSULTING, INC.,

                         Defendant.
------------------------------------------------------------------------x

**ORDER  and
ORDER TO SHOW CAUSE**

No. 18-CV-8956 (CS)

Seibel, J.

On April 5, 2019, Defendant filed a letter with the Court requesting a discovery

conference.  (Doc. 27.)  That same day, I granted Defendant's request and scheduled a discovery

conference for April 12, 2019 at 11 a.m.  (Doc. 28.)  I also ordered Plaintiff to respond to

Defendant's letter by April 9, (*id.*), which Plaintiff did, (Doc. 30).  On April 12, the Court held

the discovery conference, but Plaintiff's counsel, Richard Liebowitz, did not appear and did not

call or email the Court or Defendant's counsel to explain his absence.  (Minute Entry dated Apr.

12, 2019.)  That same day, I ordered Plaintiff to show cause in writing, on or before April 17,

2019, why he failed to appear for the conference and why he should not be required to pay

Defendant's attorney's fees for the time expended to appear at the conference.  (Doc. 31.)  The

Court also rescheduled the conference for April 18, 2019.  (*Id.*)

By letter dated April 15, 2019, Mr. Liebowitz advised that he had missed the conference

because of a death in the family which was an "unexpected urgent matter" to which he had to

attend.  (Doc. 32.)  He also said he would be out of the office on April 18 and asked to appear by

phone at the rescheduled discovery conference.  (*Id.*)

Case 3:19-cv-01646-JR   Document 9   Filed 11/20/19   Page 42 of 55
Case 3:19-cv-01237-MO   Document 8-3   Filed 11/15/19   Page 2 of 7
Case 7:18-cv-08956-CS   Document 60   Filed 11/01/19   Page 2 of 7

The conference was held by phone on April 18. (*See* Minute Entry dated Apr. 18, 2019.) Mr. Liebowitz represented that the death in the family occurred on the morning of April 12 and apologized for not letting Defendant's counsel and the Court know. During the conference, issues were discussed that reflected negatively on Plaintiff's counsel's credibility. For example, Plaintiff had answered interrogatories saying his damages calculation had relied on "contracts, invoices, [and] licensing agreements," (Doc. 27 at 1), but when Defendant requested those documents, Plaintiff said he could not produce them without a protective order. After Defendant agreed to a protective order and the Court signed it, (Doc. 23), Plaintiff still produced nothing, despite twice promising to do so. (*See* Doc. 27.) Further, Defendant's counsel represented that Mr. Liebowitz had told Defendant's counsel that he could not comply because he was out of the country due to an emergency, when in reality he was at a trade show in Europe trying to drum up business. At that point, concerned about Mr. Liebowitz's credibility and the possibility that he was trying to increase costs for Defendant's counsel, I determined that I could not merely accept Mr. Liebowitz's representation that he missed the April 12 conference because of a death in the family, and directed that, among other things, by May 1, Mr. Liebowitz provide evidence or documentation regarding who died, when, and how he was notified. I also permitted Defendant's counsel to submit his billing records relating to the discovery dispute by May 1, with Mr. Liebowitz having until May 15 to submit opposition to Defendant's application that Plaintiff cover those fees.[1]

---

[1] I also expressed concern over how Plaintiff's claim of $5000 in damages could possibly have been made in good faith.

Case 3:19-cv-01646-JR     Document 9     Filed 11/20/19     Page 43 of 55
Case 3:19-cv-01237-MO     Document 8-3     Filed 11/15/19     Page 3 of 7
Case 7:18-cv-08956-CS     Document 60     Filed 11/01/19     Page 3 of 7

By letter dated May 1, 2019, Mr. Liebowitz represented that his grandfather had

unexpectedly died on April 12, 2019 and that Mr. Liebowitz was needed to assist with certain

customs for which arrangements had to be made in advance of the Sabbath. (Doc. 36.) That

same day, I endorsed the letter as follows:

> This letter is not responsive to my instruction. Mr. Liebowitz was to *document* who
> passed away, when the person passed away and when Mr. Liebowitz was notified. The
> reason I requested documentation is that there is reason to believe Mr. Liebowitz is not
> being candid. So a letter from him does not advance the ball. When someone dies, there
> is documentation including a death certificate and (almost always) an obituary, and
> nowadays one's phone usually contains evidence of what one was told and when. Mr.
> Liebowitz may have until 5/3/19 to supplement this letter.

(Doc. 38 (emphasis in original)). On May 3, 2019, Plaintiff filed a notice of settlement. (Doc.

41.) On May 7, 2019, I advised as follows:

> I'm glad the parties have resolved the case (and, I presume, the issue of Plaintiff's
> counsel's expenses for the April 12 conference), but there remains one open issue: Mr.
> Liebowitz's failure to document the death in the family that he says caused him to miss
> the conference. (See Doc. 38.). He was supposed to address that issue by May 3, but I
> will give him until May 9. Even if Defendant has been made whole, I still need to satisfy
> myself that there is no need for disciplinary or other inquiry.

(Doc. 45.) On May 9, Mr. Liebowitz filed a Declaration in which he "re-certif[ied]" that the

statements in his April 15 and May 1 letters were true, and he stated that he believed that his

Declaration discharged his obligation to the Court. (Doc. 46 ¶¶ 6-7.)

On May 13, I responded that Mr. Liebowitz's May 9 Declaration did not resolve the

matter because, given the issues surrounding Mr. Liebowitz's credibility and his failure to

provide any information or documentation regarding his grandfather's death, Mr. Liebowitz's

reiteration could not sufficiently discharge his obligations to the Court. (Doc. 47.) I therefore

issued an order to show cause, requiring Mr. Liebowitz to provide documentation or other

evidence (apart from his own word) that demonstrated that a death in the family had occurred

Case 3:19-cv-01646-JR    Document 9    Filed 11/20/19    Page 44 of 55
Case 3:19-cv-01237-MO    Document 8-3    Filed 11/15/19    Page 4 of 7
Case 7:18-cv-08956-CS    Document 60    Filed 11/01/19    Page 4 of 7

that prevented him from attending the April 12 conference and timely notifying the Court and Defendant's counsel of his inability to attend. (*Id.* at 3-4.)

Rather than comply with the Court's order to provide the above documentation, on May 16, Mr. Liebowitz again submitted a Declaration reiterating his belief that his statements contained in the April 15, May 1, and May 9 letters were sufficient to discharge his obligations in response to the Court's order to show cause. (Doc. 48 ¶ 3.)

On July 26, I ordered Mr. Liebowitz, under pain of contempt, to provide a copy of his grandfather's death certificate so as to support his claim that he could not attend the April 12 conference, nor provide timely notice to the Court or opposing counsel, as a result of his grandfather's death. (Doc. 49.) In response, Mr. Liebowitz submitted another Declaration on August 12, stating that he believed that his previous letters sufficed to fulfill his obligations to the Court (in spite of the fact that I explicitly requested documentation other than "his say-so," (*see* Doc. 47 at 4)), and that he should not be required to submit his grandfather's death certificate because it is "a personal matter." (Doc. 50 ¶¶ 3-4.) As I noted in my August 19 response to Mr. Liebowitz's letter, however, although the death of a family member is certainly a personal matter, questions regarding Mr. Liebowitz's candor before the Court are professional in nature. (Doc. 51.) I reassured Mr. Liebowitz that, if he was concerned about the death certificate being available on the public docket, he was welcome to provide the document directly to my chambers to ensure his privacy. (*Id.*) I also made clear that, should he fail to provide the requested documentation by August 26, he would be held in contempt of court and subject to sanctions, including monetary sanctions and/or referral to this Court's Grievance Committee. (*Id.*)

Case 3:19-cv-01646-JR    Document 9    Filed 11/20/19    Page 45 of 55
Case 3:19-cv-01237-MO    Document 8-3    Filed 11/15/19    Page 5 of 7
Case 7:18-cv-08956-CS    Document 60    Filed 11/01/19    Page 5 of 7

On August 26, the day Mr. Liebowitz was required to provide his grandfather's death certificate pursuant to my August 19 order, Mr. Liebowitz instead submitted another Declaration. (Doc. 52.) In this Declaration, Mr. Liebowitz argued that he was not in contempt because this Court's request for his grandfather's death certificate was unlawful, as it "likely constitutes a usurpation of judicial authority or a breach of judicial decorum," (*id* ¶ 14); his previous Declarations complied with my previous orders, (*id.* ¶ 15); "there [was] no basis to impose monetary sanctions," (*id.* ¶ 16); and the Court's assurance that his grandfather's death certificate would not be made public was insufficient to protect his right to privacy, (*id.* ¶ 17).

On September 27, I endorsed Mr. Liebowitz's latest Declaration, stating that:

> There is nothing unlawful about my August 19, 2019 order. There was also nothing unclear about it. Likewise, Mr. Liebowitz's failure to comply is apparent beyond any reasonable doubt. Finally, he has not diligently attempted to comply. To the contrary, while maintaining that the death occurred (and thus implicitly conceding the existence of a death certificate), he has repeatedly refused to provide it, even after the Court made clear that his "good faith declarations" were insufficient and after the Court agreed that the document need not be publicly filed. He has not shown or even alleged an inability to comply.

(Doc. 53.) I therefore declared Mr. Liebowitz to be in contempt of court, and ordered that, should he fail to comply with my order and provide the requested documentation by October 2, he would be subject to monetary sanctions of $100 each business day until he complied. (*Id.*) I also informed Mr. Liebowitz that, "[s]hould this sanction prove insufficient" to ensure his compliance, "additional or different sanctions [would] be considered." (*Id.*)

On October 2, Mr. Liebowitz wrote a letter to my chambers requesting an in-person conference to discuss my September 27 order, and also requesting a stay of that order "[f]or just cause" until the conference could be held. (Doc. 54.) I denied his request, noting that Mr. Liebowitz's letter had not stated what purpose would be served by an in-person conference, nor

Case 3:19-cv-01646-JR    Document 9    Filed 11/20/19    Page 46 of 55
Case 3:19-cv-01237-MO    Document 8-3    Filed 11/15/19    Page 6 of 7
Case 7:18-cv-08956-CS    Document 60    Filed 11/01/19    Page 6 of 7

had it supplied any justification for a stay of my September 27 order. (Doc. 55.) Mr. Liebowitz submitted another letter the next day, October 3, reiterating his request for an in-person conference to discuss his grandfather's death certificate and for a stay "[f]or just cause." (Doc. 56.) I again denied the application, because Mr. Liebowitz had not articulated any purpose that the conference would serve, nor did he supply any cause to stay my September 27 order. (Doc. 57.) I further ordered Mr. Liebowitz to refrain from filing any further requests for a conference unless he could explain specifically what purpose would be served by the conference and to refrain from filing any further requests for a stay of my September 27 order unless he could specifically state a justification for a stay. (*Id.*) I notified Mr. Liebowitz that his first payment under the contempt sanction was due to the Clerk of the Court on Monday, October 7. (*Id.*)

On October 7, Mr. Liebowitz sent a letter requesting a two-week extension to deliver his grandfather's death certificate and requesting that the monetary sanctions be stayed until after the extension had elapsed. (Doc. 58.) This request had come at 8:34 p.m. on October 7, well after the Clerk's Office had closed. (Doc. 59.) That same night, I denied Mr. Liebowitz's request for an extension. (*Id.*) As of November 1, 2019, Mr. Liebowitz has not made any of his required payments. By the Court's count, Mr. Liebowitz was obligated to pay $300 on October 7, 2019; $400[2] on October 15, 2019;[3] $400 on October 21, 2019;[4] and $500 on October 28.

Richard Liebowitz, Plaintiff's counsel in this case, is now in contempt of my August 19, 2019 and September 27, 2019 orders. (*See* Docs. 51, 53.) The $100 fine he accrues each business day has plainly been ineffective to coerce compliance with the August 19, 2019 Order.

---

[2] I will not count Yom Kippur, which fell October 9, 2019, as a business day.
[3] Monday, October 14, was a national holiday.
[4] See note 3 above.

Case 3:19-cv-01646-JR    Document 9    Filed 11/20/19    Page 47 of 55
Case 3:19-cv-01237-MO    Document 8-3    Filed 11/15/19    Page 7 of 7
Case 7:18-cv-08956-CS    Document 60    Filed 11/01/19    Page 7 of 7

Accordingly, the daily contempt sanction is hereby increased to $500 a day, effective November 6, 2019.  Starting on that date, Mr. Liebowitz will be sanctioned $500 per business day (payable on Monday of each week, or Tuesday if the office of the Clerk of Court is not open on Monday) until he has complied in full with my August 19, 2019 and September 27, 2019 Orders.  Further, Mr. Liebowitz is hereby ORDERED to appear before this Court in person on November 13, 2019 at 10 a.m., and there and then SHOW CAUSE why he should not be incarcerated until such time as he complies with the above-described orders (and, if applicable, the instant order). Failure to appear as directed will subject Mr. Liebowitz to arrest by the United States Marshals Service without further notice.[5]

**SO ORDERED.**

Dated: November 1, 2019
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[5] Should Mr. Liebowitz already be committed to appear before another court on November 13, 2019 at 10 a.m., he shall – no later than November 6, 2019 – so advise the Court by letter and enclose proof of the commitment from a source other than Mr. Liebowitz (such as a court order or docket entry).  No adjournment will be considered unless it is requested on or before November 6, 2019, and unless the request is accompanied by proof of the commitment from a source other than Mr Liebowitz.  The letter shall also provide three dates and times within a week of November 13, 2019 when Mr. Liebowtiz is available to appear before this Court.  If the Court finds the showing sufficient, the Court will advise Mr. Liebowitz of a new date and time. Unless he hears from the Court about a new date and time, he shall appear on November 13, 2019 at 10 a.m.

---

**COURT ACTION**

---

Application for *pro hac vice* admission by <u>Richard Liebowitz</u>      in case number:

<u>3:19-cv-1237-MO</u>      is hereby:


☐  Approved subject to payment of fees.
☒  Denied.


DATED: _____<u>November 18, 2019</u>_____.


                              <u>/s/ Michael W. Mosman</u>
                              Judge


---

**U.S. District Court – Oregon**                    **Application for Special Admission – *Pro Hac Vice***
[Rev. 11/2018]                                              Page 4 of 4

**Exhibit 4**
**Page 1 of 1**

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

Christopher Sadowski

      Plaintiff(s),

v.

Alpha Media LLC

      Defendant(s).

Case No.: ___3:19-cv-1646___

APPLICATION FOR SPECIAL
ADMISSION – *PRO HAC VICE*

---

### Application for *Pro Hac Vice* Admission and CM/ECF Registration

Attorney __Richard Liebowitz__ requests special admission *pro hac vice* to the Bar of the United States District Court for the District of Oregon in the above-captioned case for the purposes of representing the following party(s):

Plaintiff  Christopher Sadowski

In support of this application, I certify that: 1) I am an active member in good standing with the __New York__ State Bar; and 2) that I have read and am familiar with the Federal Rules of Evidence, the Federal Rules of Civil and Criminal Procedure, the Local Rules of this Court, and this Court's Statement of Professionalism.

I understand that my admission to the Bar of the United States District Court for the District of Oregon is solely for the purpose of litigating in the above matter and will be terminated upon the conclusion of the matter.

**(1)**    **PERSONAL DATA:**

Name:    Liebowitz      Richard      P.

       *(Last Name)*      *(First Name)*      *(MI)*      *(Suffix)*

Agency/firm affiliation: Liebowitz Law Firm, PLLC

Mailing address: 11 Sunrise Plaza, Suite 305

City: Valley Stream      State: NY      Zip: 11580

Phone number: 516-233-1660      Fax number: 516-612-2740

Business e-mail address: RL@LiebowitzLawFirm.com

---

**Exhibit 5**
**Page 1 of 6**

(2)    **BAR ADMISSION INFORMATION**:

    (a)    State bar admission(s), date(s) of admission, and bar number(s):
        New York- 08/2015, RL1234

    (b)    Other federal court admission(s) and date(s) of admission:

        SDNY- 10/2015, EDNY- 10/15, NDNY- 02/16, WDNY- 02/16

(3)    **CERTIFICATION OF DISCIPLINARY ACTIONS**:

☐    I am not now, nor have I ever been subject to any disciplinary action by any state or federal bar association.

☑    I am now or have been subject to disciplinary action by a state or federal bar association.  (See attached letter of explanation.)

(4)    **CERTIFICATION OF PROFESSIONAL LIABILITY INSURANCE:**

Pursuant to LR 83-3, I have professional liability insurance, or financial responsibility equivalent to liability insurance, that meets the insurance requirements of the Oregon State Bar for attorneys practicing in this District, and that will apply and remain in force for the duration of the case, including any appeal proceedings.

(5)    **CM/ECF REGISTRATION:**

I acknowledge that I will become a registered user of the Court's case management and electronic case filing system (CM/ECF) upon approval of this application, and I will receive electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the Local Rules of the District of Oregon.

**Certification of Attorney Seeking *Pro Hac Vice* Admission:** I have read and understand the requirements of LR 83-3, and I certify that the above information is true and correct.

DATED:   11/19/19

*(Signature)*

---

**U.S. District Court – Oregon**
[Rev. 11/2018]

**Application for Special Admission – *Pro Hac Vice***
Page 2 of 4

**Exhibit 5**
**Page 2 of 6**

**REQUIREMENT TO ASSOCIATE WITH LOCAL COUNSEL:**

LR 83-3(a)(1) requires applicants for *pro hac vice* admission to associate with local counsel, unless requesting a waiver of the requirement under LR 45-1.

To request a waiver of the requirement to associate with local counsel under LR 45-1, check the following box:

☐ I seek admission for the limited purpose of filing a motion related to a subpoena that this Court did not issue. Pursuant to LR 45-1(b), I request a waiver of the LR 83-3(a)(1) requirement to associate with local counsel and therefore do not include a certification from local counsel with this application.

To associate with local counsel, complete the following section and obtain the signature of local counsel.

Name: Stevens, Michael O.

| *(Last Name)* | *(First Name)* | *(MI)* | *(Suffix)* |

OSB number: 095198

Agency/firm affiliation: Stevens & Legal, LLC

Mailing address: 3699 NE John Olsen Avenue

City: Hillsboro _____ State: OR ___ Zip: 97124

Phone number: 971-533-6178 _____ Fax number: _____

Business e-mail address: Michael@HillsboroFirm.com

**CERTIFICATION OF ASSOCIATE LOCAL COUNSEL:**

I certify that I am a member in good standing of the bar of this Court, that I have read and understand the requirements of LR 83-3, and that I will serve as designated local counsel in case number 3:19-cv-1646 .

DATED: 11/19/2019 .

_____
*(Signature of Local Counsel)*

U.S. District Court – Oregon
[Rev. 11/2018]

Application for Special Admission – *Pro Hac Vice*
Page 3 of 4

**Exhibit 5**
**Page 3 of 6**

---

**COURT ACTION**

---

Application for *pro hac vice* admission by Richard Liebowitz _____ in case number:

___3:19-cv-1646_____ is hereby:

      ☐  Approved subject to payment of fees.
      ☐  Denied.

DATED: _____.

_____
Judge

---

**U.S. District Court – Oregon**
[Rev. 11/2018]

**Application for Special Admission – *Pro Hac Vice***
Page 4 of 4

**Exhibit 5**
**Page 4 of 6**

**Record of Sanctions Orders Against Richard Liebowitz, Esq.**

1)      On March 15, 2018, Court imposed sanctions of $2,000 (reduced from $10,000) and ordered Mr. Liebowitz to complete 4 hours of ethics CLE training because he did not serve a notice of initial case management on the defendant (even though defendant already knew of the conference), purportedly omitted certain information concerning the parties' communications and purportedly caused the defendant to incur additional costs.  While it is true that Mr. Liebowitz did not serve the notice of conference in that case, the defendant already knew of the existence of the action so it was harmless error.  Moreover, Mr. Liebowitz disagrees with the Court's other findings regarding material omissions and increase in costs.  The corporate defendant in that case was represented by counsel but failed to file a notice of appearance. Defendant knew of the case all long. Mr. Liebowitz complied with the Court's order but did not agree with decision.  *Steeger v. JMS Cleaning Servs., LLC*, No. 17CV8013(DLC), 2018 WL 1363497, at *1 (S.D.N.Y. Mar. 15, 2018).

2)      On April 2, 2018, Liebowitz Law Firm, PLLC was sanctioned $100 for failing to serve initial disclosures.  *Anderson v. Outhouse PR, LLC*, No. 17-cv-6722 (S.D.N.Y Apr. 2, 2018) (Dkt. 21).

3)      On June 22, 2018, Mr. Liebowitz was fined $200 for failing to attend a hearing as ordered and failing to comply with the court's orders relating to service of process. *Romanowicz v. Alister & Paine, Inc.*, 17-cv-8937 (S.D.N.Y June 22, 2018).

4)      On October 5, 2018, Mr. Liebowitz was sanctioned $650 for failing to provide adequate discovery responses. *Seidman v. GAX Productions, LLC*, 18-cv-2048 (S.D.N.Y. Oct. 5, 2018).

5)      On October 9, 2018, Mr. Liebowitz was sanctioned $500 for failing to appear at a final pretrial conference. *Chicoineau v. Bonnier Corp.*, 18-cv-3264 (S.D.N.Y. Oct. 9, 2018).

6)      On March 29, 2019, the Court awarded defendant approximately $98,000 in attorneys' fees against Mr. Liebowitz and Liebowitz Law Firm, PLLC after finding that the firm acted in "bad faith" by filing a motion to disqualify defendant's expert witness, who had previously consulted with Plaintiff as an expert in the same action.  Mr. Liebowitz believed that the motion was meritorious as defendant assumed the risk that by retaining a flip-flopping expert, Plaintiff would move to disqualify. Mr. Liebowitz complied with the Court's order but did not agree with decision. *Craig v. UMG Recordings, Inc.,* No. 16-CV- 5439 (JPO), 2019 WL 1432929 (S.D.N.Y. Mar. 29, 2019).

7)      On August 8, 2019, the Court sanctioned Mr. Liebowitz in the amount of approximately $9,500 for not participating in a Court-ordered mediation session and not appearing for a scheduled case management conference.  With respect to the mediation, the client was not available to participate.  With respect to the court conference, the case was settled the night before the conference, and the Court decided to move forward with it despite a joint motion to adjourn.  Mr. Liebowitz complied with the Court's order but did not agree with decision. *Rice v NBCUniversal, LLC,* 19-CV-447 (JMF), 2019 WL 3752491, at *1 (SDNY Aug. 8, 2019)

8)      On October 22, 2019, the Court awarded sanctions against Mr. Liebowitz because four pages of material documents were produced for the first time on summary judgment, less than four weeks after the discovery deadline.  Mr. Liebowitz believes that defendant suffered no prejudice of any kind because it failed to conduct any discovery, did not move to compel production, and did not even serve a deficiency letter.   The motion for fees remains pending and plaintiff in the case has moved to recuse the judge in that proceeding for expressing a high degree of antagonism against plaintiff's counsel. *Sands v Bauer Media Group USA, LLC,* 17-CV-9215 (LAK), 2019 WL 5395602, at *1 (SDNY Oct. 22, 2019).

**Exhibit 5**
**Page 5 of 6**

9)	On October 9, 2019, Court sanctioned Mr. Liebowitz $1,500 for not filing a proof of service and not providing defendant with licensing fee information.  However, defendant had yet to file an appearance in the action so there was not way to provide it with the necessary information.  The failure to file a timely proof of service was non-prejudicial and harmless error.  Mr. Liebowitz complied with the Court's order but did not agree with decision. *Polaris Images Corp. v CBS Interactive, Inc.*, 19-CV-3670 (VEC), 2019 WL 5067167, at *1 (SDNY Oct. 9, 2019

10)	On November 1, 2019, Mr. Liebowitz was held in contempt of Court for failing to comply with Court's order to produce a death certificate of his grandfather and failing to timely pay monetary fines.  Mr. Liebowitz had previously missed a court conference due to the death of his grandfather, although he was mistaken as to the date of actual death.  Mr. Liebowitz has paid all outstanding monetary fines and complied with the Court's order.  *Berger v. Imagina Consulting, Inc.*, No. 7:18-cv-08956 (S.D.N.Y.).

**Exhibit 5**

**Page 6 of 6**

# CERTIFICATE OF SERVICE

I certify that on November 20, 2019, I served or caused to be served a true and complete copy of the foregoing DEFENDANT ALPHA MEDIA LLC'S OPPOSITION TO ATTORNEY RICHARD LIEBOWITZ'S APPLICATION FOR ADMISSION PRO HAC VICE on the party or parties listed below as follows:

☐   Via CM / ECF Filing

☒   Via First Class Mail, Postage Prepaid

☐   Via Email

☐   Via Personal Delivery

Richard Liebowitz,
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Of Attorneys for Plaintiff

Michael O. Stevens, Esq.
HillsboroFirm.com
3699 NE John Olsen Avenue
Hillsboro, Oregon 97124
(michael@hillsborofirm.com)

Of Attorneys for Plaintiff

HARRANG LONG GARY RUDNICK P.C.


By: _s/ Susan Marmaduke_____
    Susan Marmaduke, OSB 841458
    Of Attorneys for Defendant ALPHA
    MEDIA LLC