**Susan Marmaduke, OSB 841458**
**susan.marmaduke@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
1001 SW Fifth Avenue, 16th Floor
Portland, OR 97204
Telephone:  503-242-0000
Facsimile:   503-241-1458
Of Attorneys for Defendant ALPHA MEDIA LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHRISTOPHER SADOWSKI,** | Case No. 3:19-cv-01646-JR |
| Plaintiff, | Defendant Alpha Media LLC's ALTERNATIVE MOTIONS TO STRIKE OR TO DISMISS COMPLAINT |
| vs. | |
| **ALPHA MEDIA LLC,** | |
| Defendant. | Request for Oral Argument by Telephone Conference |

**LOCAL RULE 7.1 CERTIFICATION**

The undersigned certifies that defendant's lead counsel have informed her that they have conferred by telephone with plaintiff's counsel, Rebecca Liebowitz and Richard Liebowitz, about these motions and they have been unable to resolve their dispute.

## MOTION TO STRIKE PLAINTIFF'S COMPLAINT UNDER
## FED.R.CIV.PRO. 11(A)

Defendant Alpha Media moves the Court for an order striking the complaint that was filed on October 14, 2019, (Dkt. 1) because it has not been signed by a lawyer admitted to practice in the District of Oregon or by plaintiff *pro se* and, despite the fact that the Court has drawn the deficiency to the attention of plaintiff and his lawyers, it has still not been corrected.  The complaint must be stricken pursuant to Fed.R.Civ.Pro. 11(a).

Alternatively, even if the Court had discretion to permit plaintiff another opportunity to cure the deficiency, defendant respectfully submits that this would not be a proper case for the exercise of any such discretion.

Defendant bases this motion on the trial court record and on the authorities cited in Section 1 of the following memorandum of law.

## ALTERNATIVE MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
## FAILURE TO STATE A CLAIM PURSUANT TO FED.R.CIV.PRO. 12(b)(6)

Defendant Alpha Media moves the Court for an order dismissing with prejudice plaintiff's complaint for failure to state a claim (Fed.R.Civ.Pro. 12(b)(6)) because it is, on its face, time-barred under Section 507(b) of the Copyright Act. 17 U.S.C. § 507(b)  ("[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.")

Defendant bases this motion on the trial court record and on the authorities cited in Section II of the following memorandum of law.

## MEMORANDUM OF LAW

I.    **PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN FOR FAILURE PROMPTLY TO CURE THE FACT THAT IT IS UNSIGNED BY A LAWYER ADMITTED TO PRACTICE IN THIS DISTRICT OR BY PLAINTIFF, *PRO SE*.**

### A.    Facts

The subject of this motion is a complaint that was filed on October 14, 2019. Dkt. 1.[1]  The complaint was unsigned by a lawyer admitted to practice in this district or by plaintiff, *pro se*.

By Order dated October 31, 2019, this Court stayed the case for fourteen days, pending the filing by the person who signed the complaint, Richard Liebowitz, of an application for admission *pro hac vice* pursuant to LR 83-3 no later than November 14, 2019.  Dkt. 4.  In that Order, the Court warned that "[I]f an application is not filed, the case may be dismissed unless plaintiff informs the Court of plaintiff's intention to proceed without counsel."  *Id.*

Neither an application for admission *pro hac vice*, nor a notice of plaintiff's intention to proceed *pro se* was filed by the deadline.  Five days later, on November 19, 2019, Mr. Liebowitz filed his own application for admission *pro hac vice*, identifying Michael O. Stevens as local counsel.  Dkt. 8.  Defendant objected to the application.  Dkt. 9.  The Court denied Mr. Liebowitz's motion on November 21, 2019.  Dkt. 8, 11. On that same date, the Court issued an order requiring plaintiff Sadowski to advise the Court no later than December 23, 2019, as to his efforts to obtain new counsel or otherwise advise the Court if he intended to proceed *pro se*.  Dkt.  12.

---

[1] To date, no proof of service has been filed, in violation of Fed.R.Civ.Pro. 5(d)(1)(A).

Page 3 – Defendant Alpha Media LLC's ALTERNATIVE MOTIONS TO STRIKE OR TO DISMISS COMPLAINT

At 3:18 p.m. on December 23, 2019, Mr. Stevens, who is admitted to practice in this district, filed a notice of appearance. Dkt. 14. At the same time, Rebecca Liebowitz filed an application for admission *pro hac vice*. Dkt. 15. The Court has not ruled on that application.

As of this date, December 30, 2019, neither plaintiff nor Mr. Stevens has filed a signed complaint.

Plaintiff and Richard Liebowitz have a long history of working together. Richard Liebowitz has filed more than 50 cases on behalf of plaintiff Christopher Sadowski to date. Declaration of Floyd Chapman, Exhibit 1. Mr. Liebowitz makes a practice of filing complaints in this and other courts without either obtaining admission to the bar or being admitted *pro hac vice*.[2] Indeed, it appears that, as of November 1, 2019, Mr. Liebowitz had filed no fewer than five lawsuits without a license or admission via *pro hac vice* in this district alone. *See* Dkt. 9,

---

[2] *See, e.g.*, Complaint, *Karelic v. Aqua Serene Inc.*, No. 6:19-cv-01756-MC (D. Or. Aug. 7, 2019), Dkt. 1; Complaint, *Stross v. Smith Rock Masonry Company LLC*, No. 6:19-cv-1394-AA (D. Or. Aug. 30, 2019), Dkt. 1; Complaint, *Newell v. Western Communications, Inc.*, No. 6:19-cv-1258-MK (D. Or. Aug. 11, 2019), Dkt. 1; Complaint, *Adlife Marketing & Communications Company, Inc. v. C & K Market, Inc.*, No. 1:19-cv-01248-CL (D. Or. Aug. 8, 2019), Dkt. 1; Complaint, *Craig v. Jerry Jazz Musician, LLC*, No. 3:19-cv-01237-MO (D. Or. Aug. 7, 2019), Dkt. 1; Complaint, *Fortune v. Combined Communications, Inc.*, No. 6:19-cv-01236-MC (D. Or. Aug. 7, 2019), Dkt. 1; *Verch v. Global Resources Direct LLC*, Case No. 1:2019cv05838, Dkt. 6 ("MINUTE entry before the Executive Committee: The Executive Committee, which administers the bar of this Court, notes the following: on August 8, 2019, attorney Richard Liebowitz applied for a pro hac vice efiling account in this Court. After obtaining the account, Mr. Liebowitz used the account to file the first of 12 cases electronically. In each of the cases, the filing fee was paid, but neither appearance forms nor *pro hac vice* petitions were filed. For now, the Executive Committee posts this entry for the information and potential action of the assigned district judges in each case.") (N.D. Ill. Sept. 25, 2019) (citations omitted).

Page 4 – Defendant Alpha Media LLC's ALTERNATIVE MOTIONS TO STRIKE
    OR TO DISMISS COMPLAINT

Ex. 3 at 4.  Mr. Liebowitz has also filed at least four cases on behalf of Mr.

Sadowski without a license or admission *pro hac vice*.[3]

### B.    Law

Rule 11 of the Federal Rules of Civil Procedure states, in part:

> "Every pleading, written motion, and other paper must be
> signed by at least one attorney of record in the atorney's
> name—or by a party personally if the party is
> unrepresented."

Fed.R.Civ.Pro. 11(a).

Only a self-represented party or a lawyer admitted to practice in this district

may sign a pleading or other filing.  LR 83-1(a) ("Only attorneys generally or

specially admitted pursuant to this rule may practice in the district . . . courts of the

District of Oregon.").  Thus, a pleading signed by someone not admitted to practice

in front of the applicable court is the equivalent of an unsigned pleading.  See, e.g.,

*Van Noy v. United States*, No. 98-183-JE, 1998 U.S. Dist. LEXIS 22690, at *5-6

(D. Or. Apr. 28, 1998) (dismissing action where non-attorney had signed complaint

because "Rule 11 further provides that pleadings lacking such signature shall

be stricken") (internal quotations omitted); *see also A.H. v. S. Orange Maplewood

Bd. of Educ.*, 153 F. App'x 863, 864 (3d Cir. 2005) (upholding district court's

dismissal of complaint signed by non-attorney in violation of Rule 11(a) and local

---

[3] See, e.g., *Sadowski v. D.R. Horton Realty of Georgia, Inc.*, No. 4:18-cv-00995
(N.D. Tex. Dec. 17, 2018), Dkt. 1 and *id*. Dkt. 15 (motion filed by Richard
Liebowitz seeking permission to proceed without local counsel, which motion was
promptly denied); *Sadowski v. Miss. Valley Broadcasters, LLC.*, No. 3:19-cv-
00233 (W.D. Wis. Mar. 26, 2019), Dkt. 1 (filed by Richard Liebowitz without
local counsel); *Sadowski v. VideoIndiana Inc.*, No. 1:18-cv-04033 (N.D. Ind. Nov.
1, 2018), Dkt. 1 (filed by Richard Liebowitz without local counsel); *Sadowski v.
Mississippi Valley Broadcasters, LLC.*, No. 3:18cv946 (W.D. Wis. Jan. 9, 2019),
Dkt. 1 (filed by Richard Liebowitz without local counsel).

rule providing that attorneys were generally defined as "persons admitted to practice in that court"); *Matthews v. Cordeiro*, 144 F. Supp. 2d 37, 38 (D. Mass. 2001) (striking motion because "[u]nder well-settled law, an individual who is not an attorney admitted to practice before this court is not authorized to submit pleadings (including a complaint) or in any other manner appear on behalf of another person or entity"); *Valiant-Bey v. Morris*, 620 F. Supp. 903, 904 (E.D. Mo. 1985) (granting motion to strike because federal law requires that "only parties themselves, or their legal counsel as *permitted by court rule* may plead and conduct their litigation") (emphasis added).

Rule 11(a) further provides:

> "The court ***must*** strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

Fed.R.Civ.Pro. 11(a) (emphasis added).

Plaintiff's lawyer, Richard Liebowitz, necessarily knew that he was not admitted to practice in this district when he filed the complaint on October 14, 2019. This Court called that omission to his attention on October 31, 2019, and set a deadline of November 14, 2019, by which he was to file an application for admission or plaintiff was to inform the Court of his intention to proceed *pro se*. Dkt. 4. That deadline was missed, and ultimately the Court denied Mr. Liebowitz's belated application. Dkt. 12.

On December 23, 2019, a lawyer admitted to this district finally appeared in the case. Dkt. 14 (Notice of Appearance of Michael O. Stevens). But, even as of December 30, 2019, the deficiency still has not been corrected.

Moreover, even if the Court had discretion to permit a further opportunity to cure, defendant respectfully submits that this would not be a proper case for the exercise of such discretion. Plaintiff Sadowski could have signed the complaint

himself.  Attorney Michael Stevens could have signed the complaint.  In light of readily available alternatives, the extensive relationship between Mr. Sadowski and Mr. Liebowitz, and the undue passage of time with no correction of the complaint's deficiency, it is reasonable for the Court to dismiss the complaint. Furthermore, as discussed below, any effort to cure would be futile because both of plaintiff's claims (for copyright infringement and unauthorized removal of copyright management information) are time-barred.

## II.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO FED.R.CIV.PRO. 12(b)(6) BECAUSE IT IS TIME-BARRED.

This is an action for violation of the Copyright Act. Dkt. 1 (complaint, ¶ 3). Plaintiff denominates his claims for relief as counts. Both counts are brought under Title 17.  Complaint, Count I (citing 17 U.S.C. § 101 *et seq.*); *id.*, Count II (citing 17 U.S.C. § 1202)).  Both counts are subject to a three-year statute of limitations.

Under Section 507(b) of the Copyright Act, "[n]o civil action shall be maintained under the provisions of this title [*i.e.*, Title 17] unless it is commenced within three years after the claim accrued."  17 U.S.C. § 507(b);*see also Iconics, Inc. v. Massaro*, No. CV 11-11526-DPW, 2016 WL 199407, at *9 (D. Mass. Jan. 15, 2016) (applying three year statute of limitations to Section 1202 claim for removal of copyright management information).

"[A]n infringement is actionable within three years, and only three years, of its occurrence."  *Blocker v. Black Entm't TV, LLC*, No. 3:17-CV-01406-AC, 2019 U.S. Dist. LEXIS 54446, at *7 (D. Or. Mar. 6, 2019) (quoting *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014)), adopted March 28, 2019, (dismissing plaintiff's complaint with prejudice).  Appendix A.  A claim for copyright infringement accrues "the moment when the copyright holder 'has

knowledge of a violation or is chargeable with such knowledge.'"  *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F3d 700, 706 (9th Cir 2004).

Plaintiff alleges that he captured and registered a photograph of a "Pokemon Go" screen, and registered it with the United States Copyright Office.  Complaint, ¶¶ 8, 13.  Plaintiff further alleges that he licensed the photograph to the New York Post, which ran an article that featured the photograph entitled, "I got caught cheating through Pokemon Go."  *Id.*, ¶ 9.  The New York Post posted the article on July 12, 2017.  *Id.*, ¶ 9 ("See URL:https://nypost.com/2016/07/12/woman-uses-pokemon-go-to-catch-cheating-boyfriend.")  Plaintiff alleges that his name was featured in a gutter credit identifying him as the photographer of the photograph. *Id.*, ¶ 9.

Plaintiff alleges that defendant infringed his copyright by posting the photograph of the Pokemon Go screen to its commercial websites, including URL www.mix1005.fm/guy-got-cheating-girlfriend-pokemon-go-app.  *Id.*, ¶¶ 11, 12 (citing Exhibit 3), 14-22 (First Claim for Relief).  Plaintiff also alleges that defendant violated 17 USC Section 1202(b) by posting the photograph on its website without the gutter credit.  *Id.*, ¶¶ 23-30 (Second Claim for Relief).

Like the plaintiff in *Blocker,* Plaintiff Sadowski does not clearly identify in his complaint when he became aware of the allegedly wrongful activity.  However, on a motion to dismiss for failure to state a claim, the Court may not only consider the pleadings themselves and matters of which the Court may take judicial notice, but may also consider exhibits that are attached to the complaint.  *Schwartz v. KPMG LLP*, 476 F3d 756, 763 (9th Cir 2007).

Plaintiff attaches various screenshots as exhibits to his complaint.  At page 2 of Exhibit 3, the url at the second line from the top of the shot reads: www.mix1005.fm/guy-got-caught-cheating-pokemon-go/. *Id.*  Thus, this Internet posting is one of the acts of infringement upon which plaintiff's claim is based.

(*See* complaint, ¶¶ 11, 12).   Under under the headline and next to the byline, appears the date and time at which the content was apparently posted: "July 13, 2016 @ 7:48 AM."  Thus, plaintiff's own exhibit to the complaint reveals that at least one of allegedly wrongful acts occurred on July 13, 2016–more than three years before he filed his non-Rule 11-compliant complaint. Thus, the complaint is time-barred on its face.[4]

When a complaint facially is outside the statute of limitations, a plaintiff must plead sufficient facts to demonstrate why the complaint is not time-barred or else face the possibility of dismissal. *Blocker,* at \*8-9 (dismissing infringement claim when factual allegations were "so ambiguous that it [was] impossible to determine when plaintiff" discovered the alleged infringement); *see also Wasco Prods. v. Southwall Techs., Inc.,* 435 F.3d 989, 991 (9th Cir. 2006) ("federal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings"). Yet, here, the complaint does not include any allegations that would overcome the statutory time-bar.  As it stands, there are no specific allegations of any infringing actions or unauthorized removal of copyright management information occurring within the three-year statute of limitations.

Thus, the complaint must be dismissed as time-barred. *See, e.g., Blocker*, at \*6-7 (holding plaintiff's copyright-infringement claims filed after three-year limitations period was "untimely and should be dismissed"); *Polar Bear Prods., Inc.*, 384 F.3d at 706-07 (affirming district court's grant of summary judgment

---

[4] The remaining screenshots appear to be edited or redacted; for example, they do not include the text of the website posting, including any references to the date and time at which the content was posted.

because claims fell outside the three-year statute of limitations and were time-barred).

## III.  CONCLUSION

For the reasons stated above, Alpha Media respectfully requests that the Court strike plaintiff's complaint under Rule 11 because plaintiff has failed timely to correct the fact that it is unsigned by any lawyer authorized to practice in this district or by plaintiff *pro se*.

Alternatively, Alpha Media requests that the Court dismiss the complaint with prejudice for failure to state a claim upon which relief can be granted because its exhibit establishes that it is time-barred and plaintiff has alleged no unlawful conduct within the three-year statute of limitations.

DATED this 30<u>th</u> day of December, 2019.

HARRANG LONG GARY RUDNICK P.C.


By: __s/ Susan Marmaduke_____
Susan Marmaduke, OSB 841458
Of Attorneys for Defendant ALPHA
MEDIA LLC

 Positive
As of: December 30, 2019 3:04 PM Z

# Blocker v. Black Entm't TV, LLC

United States District Court for the District of Oregon, Portland Division

March 6, 2019, Decided; March 6, 2019, Filed

No. 3:17-CV-01406-AC

**Reporter**
2019 U.S. Dist. LEXIS 54446 *

TYRONE BLOCKER, Plaintiff, v. BLACK ENTERTAINMENT TELEVISION, LLC and AMAZON.COM, INC., Defendants.

**Subsequent History:** Adopted by, Dismissed by, Request granted Blocker v. Black Entm't Tel., LLC, 2019 U.S. Dist. LEXIS 52892 (D. Or., Mar. 28, 2019)

**Prior History:** Blocker v. Black Entm't TV, LLC, 2018 U.S. Dist. LEXIS 134507 (D. Or., June 26, 2018)

## Core Terms

trademark, amended complaint, infringing, allegations, Nestcoast, dilution, statute of limitations, original complaint, judicial notice, trademark infringement, leave to amend, registered, copyright infringement, goods and services, ownership, websites, pleadings, motion to dismiss, Recommendation, registration, famous, factual allegations, copyright-infringement, Myspace, cure, court finds, futile, notice, alleged infringement, opportunity to amend

**Counsel:** [*1] Tyrone Blocker, Plaintiff, Pro se, Portland, OR.

For BET, Defendant: Kaley L. Fendall, Steven E. Klein, LEAD ATTORNEYS, Davis Wright Tremaine, LLP, Portland, OR.

For Myspace, Defendant: Jack R. Scholz, LEAD ATTORNEY, Chernoff Vilhauer LLP, Portland, OR; Laura E. McSwiggin, Tyler R. Dowdall, LEAD ATTORNEYS, PRO HAC VICE, Epport, Richman & Robbins, LLP, Los Angeles, CA; Susan D. Pitchford, Chernoff Vilhauer McClung & Stenzel, LLP, Portland, OR.

For Amazon, Defendant: James E. Geringer, Klarquist Sparkman, LLP, Portland, OR.

**Judges:** JOHN V. ACOSTA, United States Magistrate Judge.

**Opinion by:** JOHN V. ACOSTA

## Opinion

FINDINGS AND RECOMMENDATION

**APPENDIX A**
**Page 1 of 14**

ACOSTA, Magistrate Judge:

Self-represented Plaintiff, Tyrone Blocker ("Blocker"), filed this lawsuit against Defendants Black Entertainment Television, LLC ("BET"); Myspace, LLC ("Myspace"); and Amazon.com, Inc. ("Amazon"), bringing claims against Defendants for copyright infringement, trademark infringement, and trademark dilution. (Compl., ECF No. 1.) Each of the Defendants moved to dismiss Plaintiff's Complaint. (Def. Myspace's Mot. to Dismiss, ECF No. 16; Def. Amazon's Mot. to Dismiss, ECF No. 24; Def. BET's Mot. to Dismiss, ECF No. 33.) On June 26, 2018, this court issued a Findings **[\*2]** & Recommendation in which it recommended a district judge grant the Motions to Dismiss filed by each of the Defendants, with leave to amend Plaintiff's claims against BET and Amazon. (F. & R., ECF No. 51.) This Court recommended the district judge dismiss Plaintiff's claims against Myspace for lack of personal jurisdiction without prejudice to Blocker's right to bring such claims in a court of competent jurisdiction. (*Id.* at 13-17.) On August 8, 2018, Chief United States District Judge Michael W. Mosman adopted the Findings and Recommendation in full, and, therefore, dismissed the claims against all Defendants but granted Plaintiff leave to amend his claims against BET and Amazon. (Op. & Or., ECF No. 57.)

Plaintiff filed his Amended Complaint on August 23, 2018, in which he again brought claims for copyright infringement, trademark infringement, and trademark dilution against BET and Amazon. (Am. Compl., ECF No. 59.) On September 13, 2018, BET and Amazon filed Motions to Dismiss Plaintiff's Amended Complaint. (Def. BET's Mot. to Dismiss, ECF No. 61; Def. Amazon's Mot. to Dismiss, ECF No. 62.) Together with its Reply in support of its Motion, BET filed a Request for Judicial Notice in which it moves **[\*3]** the Court to take

judicial notice of an attachment to an amended complaint that Plaintiff filed in *Blocker v. Universal Music Corp., et al.*, No. 3:14-cv-01650-SB. (Req. for Judicial Notice, ECF No. 70.)

Because Plaintiff again fails to allege facts sufficient to support his legal claims, the Motions to Dismiss should be granted. In addition, BET's Request for Judicial Notice should be granted. Finally, Plaintiff should not again be granted leave to amend his Complaint and the court should enter judgment.

*Background*

The following are the facts as alleged in Plaintiff's Amended Complaint. Starting in 2007 and continuing through 2018, Plaintiff "offered goods and services through his SNOCAP MyStore for R & B, gospel, rap, and hyphy" music under the "Nestcoast Entertainment trademark and logo." (Am. Compl. ¶ 5.) Plaintiff is the "sole auth[o]r" of "Nestside Story," an audio recording for which Plaintiff alleges he has a copyright. (*Id.* ¶ 3). Plaintiff attached to his Amended Complaint a January 17, 2018, application for a copyright on "Nestside Story CD." (*Id.* ¶ 3, ex. 101.) In addition, Plaintiff attached to his Amended Complaint documents that indicate he filed an application for a trademark **[\*4]** on "Nestcoast Entertainment" on August 23, 2017, that was registered on May 8, 2018. (*Id.* ¶ 7, ex. 102.)

Plaintiff alleges BET is "using Plaintiff's Nestside Story album cover, artwork, videos, music and name" on various websites "to sell and advertise BET goods and services and the goods and services of Nestcoast Entertainment that BET have [*sic*] listed on Bandmine.com, Myspace.com, eBay Inc., and Amazon Inc." (*Id.* ¶ 6.) Plaintiff alleges BET is "listing" Plaintiff's trademark and copyrighted materials "to sell their goods and services on

eBay [and] Amazon," and on the "genre" of Bandmine.com and Myspace.com "since 2009, up until 2018, and still continues to list Plaintiff's trademark." (*Id.* ¶ 8-9.)

In 2014, 2016, 2017, and 2018, Plaintiff "sent notices for trademark and copyright infringement of Nestcoast Entertainment" to Defendants "by way of civil proceedings," letters, and emails. (*Id.* ¶ 10.) Amazon "provided a forum for commer[c]e for BET and facilitated the sale of BET's goods and services and the goods and services of Nestcoast Entertainment without consent." (*Id.* ¶ 11.) Plaintiff alleges BET's "listing of [Plaintiff's] [trade]mark dilutes the quality of his mark by diminishing **[*5]** the capacity of the mark to identify and distinguish goods and services or commercial activities by Plaintiff," and that "BET knew that Nestcoast Entertainment was widely recognized by the general consuming public of the United States." (*Id.* ¶¶ 12-13.) Plaintiff asserts Nestcoast Entertainment "became famous after Plaintiff put his trademark and Nestside Story on Snowcap and Reverbnation in 2007," and "BET's listing of the mark with those artists which are from identities other than the Northwest, or Nestcoast, is likely to cause confusion as to the affiliation[,] connection or association of BET's artist[s] with Nestcoast artist[s] or as to the origin, sponsorship or approval of defendant BET's goods, services or commercial activities by Plaintiff." (*Id.* ¶ 13.)

*Legal Standards*

I. Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure ("Rule") 8(a) governs pleadings filed in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss premised on Rule 12(b)(6) argues that the allegations in the complaint are insufficient to state a claim for relief. Pleadings must provide sufficient facts to give proper notice of the claim and its basis. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). While **[*6]** pleadings need not contain "detailed factual allegations, . . . labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Though a claim "may proceed even if it strikes a savvy judge that actual proof of [necessary] facts is improbable," *id.* at 556, "further factual enhancement" is necessary to push the claim over "the line between possibility and plausibility." *Id.* at 547. "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations," which a court should assume to be true in "determin[ing] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 669, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although the court must assume all facts asserted in a pleading to be true, legal conclusions in a complaint are not entitled to a presumption of truth. *Id.* at 679.

On a motion to dismiss for failure to state a claim, the court may consider only the pleadings themselves, exhibits that are physically attached to the complaint, and matters of which the court may take judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The court generally must "accept all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013). "[F]or a complaint to survive a motion **[*7]** to dismiss, the non-conclusory factual content, and reasonable inference from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A district

court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

## II. *Pro Se* Construction

Courts generally have a duty to construe *pro se* pleadings liberally and to "afford the [pro se] plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

### *Discussion*

Defendants move to dismiss the Amended Complaint on the bases that Plaintiff's claims are barred by the applicable statutes of limitations and that Plaintiff again fails to state a claim upon which relief can be granted.

## I. Statute of Limitations

Defendants first move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) on the basis that the applicable statutes of limitations have run on Plaintiff's claims. (Def. BET's Mot. at 5-6; Def. Amazon's Mot. at 3.)

### A. Copyright-Infringement Claim

Under the Copyright Act's statute of limitations, "an infringement is actionable within three years, and only three years, of its occurrence." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014); *see also* 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim **[*8]** accrued."). A claim for copyright infringement accrues "the moment when the copyright holder 'has knowledge of a violation or is

chargeable with such knowledge.'" *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004) (quoting *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481-82 (9th Cir. 1994)). "For ordinary claims of copyright infringement, each new infringing act causes a new claim to accrue; thus, we have held that 'an action may be brought for all acts that accrued within the three years preceding the filing of the suit.'" *Seven Arts Film Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1255 (9th Cir. 2013) (quoting *Roley*, 19 F.3d at 481-82).

This court previously found Plaintiff's copyright-infringement claim, as pleaded in the original Complaint, was barred by the statute of limitations because "[t]here [were] no specific allegations of any infringing actions occurring within three years of the date the Complaint was filed," and the Complaint "contain[ed] no allegations that Blocker was unaware of the infringing conduct in 2009, or that he discovered the infringement only after September 8, 2014." (F. & R., ECF No. 51, at 6-7.) Although Plaintiff contended he did not become aware of the infringing activity until "about February 2017," the court noted that this "bare allegation [was] absent from the Complaint." (*Id.*)

Plaintiff does not clearly identify in his Amended Complaint when he became aware of the **[*9]** allegedly infringing activity. Although Plaintiff alleges the infringing activity began in 2009 and continued through 2018 when Plaintiff filed his Amended Complaint, he does not allege any facts related to when he discovered the infringement. The only facts in the Amended Complaint from which Plaintiff's knowledge of the infringement can be inferred is the allegation that Plaintiff sent notices to BET and Amazon related to the copyright infringement in 2014, 2016, 2017, and 2018.

Plaintiff's Amended Complaint, even liberally

construed, still does not meet the requisite standard for establishing when he discovered the conduct that he alleges infringed on his putative Nestside Story copyright. Because Plaintiff alleges infringement occurred over a long, continuous period beginning in 2009, the relevant occurrence for accrual of Plaintiff's copyright-infringement claim is when he discovered or reasonably should have discovered the alleged infringement. *See Polar Bear Prods., Inc.*, 384 F.3d at 706 (holding "the three-year clock begins upon discovery of the infringement."). Notwithstanding the Court's clear instructions when it dismissed Plaintiff's original Complaint, however, Plaintiff still has not made any factual allegations **[*10]** regarding when he discovered the alleged infringement of his copyright. Based on Plaintiff's allegation that he provided notice of the alleged infringement to Defendants as early as 2014, Plaintiff's Amended Complaint itself raises a likelihood that his claims in this action-filed on September 8, 2017 — are time-barred.[1] Moreover, Plaintiff's factual allegations regarding the nature of the allegedly infringing conduct are so ambiguous that it is impossible to determine when Plaintiff reasonably should have discovered the alleged infringement. Accordingly, Plaintiff's copyright-infringement allegations remain

_____

[1] BET requests the Court to take judicial notice of an August 26, 2013, printout from Bandmine.com that Plaintiff attached to an amended complaint in a previous action. That page shows BET listed as a "connection" to Nestcoast Entertainment. *See Blocker v. Universal Music Corp., et al.*, No. 3:14-cv-01650-SB, ECF No. 3, ex. 2. BET contends that filing demonstrates Plaintiff has known of the allegedly infringing conduct since at least August 26, 2013. Court filings are properly the subject of judicial notice. *Reyn 's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). BET's Request for Judicial Notice, therefore, should be granted. (Req. for Judicial Notice, ECF No. 70.) Nonetheless, the Court cannot infer at this early stage of the proceedings that Plaintiff knew of BET's allegedly infringing conduct from that document because it is not clear that the listing of BET on that printout reflects the same "listing" that Plaintiff relies on as the allegedly infringing conduct in this action.

insufficient and, therefore, his copyright claim against BET and Amazon is untimely and should be dismissed.

### B. Trademark Claims

Plaintiff's trademark infringement and dilution claims are governed by the Lanham Trademark Act of 1946, which does not contain a specific statute of limitations. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 n.11 (9th Cir. 2006). Accordingly, Lanham Act claims are governed by the analogous state statute of limitations. *Id.* In Oregon, a two-year statute of limitations applies to trademark claims pursuant to Oregon Revised Statute § 12.110(1). *Dynamic Measurement Grp., Inc. v. Univ. of Oregon*, 121 F. Supp. 3d 1047, 1051 (D. Or. 2015); *Adidas America, Inc. v. Payless Shoesource, Inc.*, 540 F. Supp. 2d 1176, 1180 n.1 (D. Or. 2008).

In addition to the statutory limitations period, Lanham **[*11]** Act claims are also governed by the analogous state rule regarding when the statutory period begins to run. *See Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 857 (9th Cir. 2002); *Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir. 1991). The Oregon statute of limitations under § 12.110(1) incorporates a discovery rule whereby a claim accrues "when the plaintiff has discovered facts or, in the exercise of reasonable diligence, should have discovered facts that would alert a reasonable person to the existence of the . . . elements of an actionable injury." *Murphy v. Allstate Ins. Co.*, 251 Or. App. 316, 321, 284 P.3d 524 (2012).

The allegations relevant to the timeliness of Plaintiff's trademark claims are the same as those that were relevant to the timeliness of Plaintiff's copyright claims. As noted, the only inference that can be drawn from Plaintiff's Amended Complaint is that he discovered the

allegedly infringing and diluting activity no later than 2014, when he issued notice of such alleged infringement and dilution to Defendants. Although documents attached to Plaintiff's Amended Complaint suggest Plaintiff only recently obtained a trademark for Nestcoast Entertainment, Plaintiff's Amended Complaint must be read to allege he has held a trademark related to Nestcoast since at least 2009. Because Plaintiff filed this action in September 2017, Plaintiff's trademark claims accrued **[*12]** outside the applicable two-year statute of limitations under § 12.110(1). Accordingly, Plaintiff's trademark claims against BET and Amazon are untimely and should be dismissed.

## II. Failure to State a Claim

Even if Plaintiff's claims were timely, Defendants contend Plaintiff still fails to state a claim on which relief could be granted.

## A. Copyright Infringement

To state a claim of copyright infringement, a plaintiff must allege (1) ownership of a valid copyright and (2) "'copying of constituent elements of the work that are original.'" *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)). "Before pursuing an infringement claim in court . . . a copyright claimant generally must comply with [17 U.S.C.] § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 203 L. Ed. 2d 147,, 2019 WL 1005829, at *3 (U.S. 2019).

The Court dismissed Plaintiff's original Complaint because he failed to allege ownership of Nestside Story, the Complaint

provided no copyright registration numbers or dates of registration for Nestside Story, and Plaintiff failed to sufficiently allege facts that could establish an infringing act. (F. & R., ECF No. 51, at 8-10.) In summary, the Court advised Plaintiff that his original Complaint lacked

> allegations to establish (1) his ownership and (2) registration of "Nestside **[*13]** Story" album songs or artwork; (3) when, where, how and by whom the copyrighted material was listed on each of the Defendant's websites; and (4) how this infringed on Blocker's exclusive copyright ownership rights, if such copyrights exist and are registered to him.

(F. & R., ECF No. 51, at 10.)

The allegations in Plaintiff's Amended Complaint still do not establish that Plaintiff owned a valid copyright on Nestside Story. In his First Amended Complaint Plaintiff continues to claim a copyrighted interest in Nestside Story on the basis that "he would be considered the sole auth[o]r of the Nestside Story CDs." (Am. Compl. ¶ 3.) Based on his allegation that Defendants have been infringing on his copyright since 2009, it appears Plaintiff asserts he has owned that copyright since at least that time. (*See id.* ¶ 9.) As with his original Complaint, however, Plaintiff still fails to include non-conclusory allegations that establish ownership and registration of a copyright on Nestside Story since 2009 or earlier.

The copyright application attached to Plaintiff's Amended Complaint indicates Plaintiff applied for a copyright on Nestside Story on January 17, 2018. There is no indication how or whether **[*14]** that application was resolved. Mere submission of an application for registration of a copyright is insufficient to establish that "registration . . . has been made" under § 411(a). *Fourth Estate Pub. Ben. Corp.*,

139 S. Ct. 881, 2019 WL 1005829, at *4-*5. Instead, Plaintiff must establish that his copyright was registered. *Id.* To the extent that Plaintiff in fact seeks only to assert he has been the owner of a copyright on Nestside Story since his January 17, 2018, application, Plaintiff's pleadings still fall short because Plaintiff has not established even at this early stage of the proceedings that he is the owner of a registered copyright on Nestside Story.

Plaintiff's pleadings also remain inadequate as to the allegedly infringing actions. The allegations in Plaintiff's Amended Complaint make little — if any — progress toward pleading factual material that identifies "when, where, how and by whom the copyrighted material was listed on each of the Defendant's websites" or how such actions "infringed on Blocker's exclusive copyright ownership rights." (F. & R., ECF No. 51, at 10.) With respect to BET, the allegations in the Amended Complaint are materially similar to those in the original Complaint insofar as Plaintiff still ambiguously alleges that Defendants **[*15]** "list[ed]" the copyrighted material on various websites "to advertise and sell BET's goods and services." (Am. Compl. ¶ 6.) As the Court stated in its earlier Findings & Recommendation, such allegations fall far short of alleging sufficient factual material to make out a copyright-infringement claim against BET.

Plaintiff's allegations with respect to Amazon are even sparser. As to Amazon, Plaintiff alleges only that BET "list[ed]" Plaintiff's intellectual property" on Amazon, and that Amazon "provided a forum for comer[c]e for BET and facilitated the sale of BET's goods and services and the goods and services of Nestcoast Entertainment without consent from or remuneration to Plaintiff." (Am. Compl. ¶¶ 6, 11.) As with the original Complaint, these allegations do not identify "when, where, how and by whom the copyrighted material was

listed on each of the Defendant's websites" or how such actions "infringed on Blocker's exclusive copyright ownership rights." (F. & R., ECF No. 51, at 10.)

Plaintiff, therefore, fails to plead facts sufficient to state a claim for copyright infringement against either BET or Amazon and, therefore, Plaintiff's copyright claim should also be dismissed on that **[*16]** basis.

## B. Trademark Claims

Defendants contend Plaintiff likewise fails to allege sufficient facts to state a claim for trademark infringement or trademark dilution.

## 1. Trademark Infringement

"[A] claim for trademark infringement requires only two elements: (1) ownership of a trademark, and (2) that the plaintiff show a likelihood of confusion through the balancing of eight factors." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1072 (9th Cir. 2014). "'To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services.'" *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1203 (9th Cir. 2012) (quoting *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996)). A likelihood of confusion exists if the plaintiff shows "more than simply a possibility" that "a reasonably prudent consumer in the marketplace is likely to be confused as to the origin or source of the goods or services bearing one of the marks or names at issue in the case." *Id.* at 1209. The likelihood of confusion is determined by balancing the following eight factors "in a flexible fashion": "(1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence

APPENDIX A

Page 7 of 14

of actual confusion; (5) marketing channels used; (6) type of goods and the degree **[\*17]** of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines." *Id.*

The court dismissed the trademark-infringement claim in Plaintiff's original Complaint because Plaintiff failed to adequately plead facts related to his ownership of any trademark; did not allege the particular word, phrase, symbol, or design that was trademarked; did not allege how or when Defendants used any such trademarks in commerce; and failed to allege that any use by Defendants caused confusion or deception. (F. & R., ECF No. 51, at 11.)

Plaintiff's allegations for trademark infringement continue to suffer from many of the same defects that required dismissal of his original Complaint. Although Plaintiff seems to allege trademark infringement occurred as early as 2009, the only evidence of trademark registration that Plaintiff attaches to his Amended Complaint indicates his trademark for Nestcoast Entertainment was registered on May 8, 2018, well after Plaintiff filed this lawsuit. (Am. Compl. ¶ 9, ex. 102.) Moreover, Plaintiff's trademark-infringement claim appears to rely on the same ambiguous alleged "listing" of Plaintiff's **[\*18]** trademark on various websites as Plaintiff's copyright claim. The Amended Complaint, therefore, still does not contain any clear, nonconclusory factual allegations identifying how or when Defendants used any of Plaintiff's trademarks in commerce. Finally, the Amended Complaint does not contain any nonconclusory factual allegations as to how Defendants' alleged use of Plaintiff's trademark could cause confusion or deception. Accordingly, Plaintiff still fails to state a claim for trademark infringement in his Amended Complaint and that claim should be dismissed.

## 2. Trademark Dilution

In a trademark-dilution claim, the "plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008). Courts consider the following four non-exclusive factors in determining whether a mark is famous and distinctive:

(i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties.

(ii) The amount, volume, **[\*19]** and geographic extent of sales of goods or services offered under the mark.

(iii) The extent of actual recognition of the mark.

(iv) Whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register.

15 U.S.C. § 1125(c)(2)(A); *Jada Toys*, 518 F.3d at 635. Ultimately, "to meet the 'famousness' element of protection under the dilution statutes, 'a mark [must] be truly prominent and renowned.'" *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 875 (9th Cir. 1999) (quoting *I.P. Lund Trading ApS v. Kohler Co.*, 163 F.3d 27, 46 (1st Cir. 1998)) (bracketed text in original). "Dilution isn't confusion; quite the contrary. Dilution occurs when consumers form new and different associations with the plaintiff's mark." *Visa Int'l Serv. Ass'n v. JSL Corp.*, 610 F.3d 1088, 1090 (9th Cir. 2010).

The court dismissed Plaintiff's original trademark-dilution claim on the basis that

Plaintiff failed to adequately allege factual material from which the court could find (1) Plaintiff owned a registered trademark for Nestcoast Entertainment at the time that the alleged dilution took place, (2) that the mark was famous, and (3) that Defendants are or were making commercial use of the mark. (F. & R., ECF No. 51, at 12-13.)

As noted with regard to Plaintiff's trademark-infringement claim, Plaintiff's factual allegations remain insufficient to establish Plaintiff owned a registered trademark for Nestcoast Entertainment **[*20]** during the period of the alleged dilution. With respect to whether the putative Nestcoast Entertainment trademark is or was famous and distinctive, Plaintiff alleges Defendants offering "their own goods and services in connection with the mark" establishes the fame and distinctiveness of the mark. Although an ultimate determination of whether the putative trademark is famous and distinctive is a fact-intensive inquiry, the court finds Plaintiff has failed to plead sufficient facts to permit even a preliminary assessment of this issue at this early stage of the proceedings. In particular, the Amended Complaint does not contain any factual allegations about the reach of advertising or publicity of the mark, the extent of sales of goods and services offered under the mark, or the extent of actual recognition of the mark. *See* 15 U.S.C. § 1125(c)(2)(A). Moreover, as discussed above with respect to copyright and trademark infringement, Plaintiff's ambiguous allegation that Defendants "listed" the mark on various websites falls well short of establishing even at this early stage that Defendants are or were making commercial use of the mark or that dilution of the mark could result therefrom. Accordingly, Plaintiff **[*21]** fails to state a claim for trademark dilution in his Amended Complaint and that claim should also be dismissed.

## III. Leave to Amend

Federal Rule of Civil Procedure 15 provides the court "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "'[B]efore dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Id.* (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). The Court considers these factors in turn.

## A. Bad Faith

There are indications that Plaintiff is pursing this action in bath faith. First, the court notes Plaintiff brought two prior proceedings on similar facts against different defendants that were dismissed after Rule 12 litigation and/or for failure to prosecute. *Blocker v.* **[*22]** *Bandmine.com, et al.*, 3:16-cv-01709-AC; *Blocker v. Universal Music Corp., et al.*, 3:14-cv-01650-SB. Second, although Plaintiff initiated this action for copyright infringement, trademark infringement, and trademark dilution in September 2017, attachments to Plaintiff's Amended Complaint indicate Plaintiff applied for his copyright only after instituting this action and applied for the trademark only days before

filing this case. (Am. Compl., ex. 101, 102.) Plaintiff did not receive his trademark for Nestcoast Entertainment until May 8, 2018, eight months after filing this action for trademark infringement. As noted, there is not yet any indication that Plaintiff has, in fact, obtained a copyright for Nestside Story. In light of the fact that Plaintiff asserts a longstanding infringement of his copyright and trademark in this case, the fact that Plaintiff sought registration of such immediately before and during this litigation raises at least the possibility that Plaintiff is bringing his claims in bad faith. Accordingly, this factor supports denying Plaintiff leave to amend his Amended Complaint and dismissing Plaintiff's claims with prejudice.

## B. Undue Delay

This matter has been pending **[*23]** for almost 18 months without making significant progress toward advancing beyond Rule 12 litigation. Although the court issued a detailed Order on Defendants' Motions to Dismiss Plaintiff's original Complaint, Plaintiff's Amended Complaint did not make meaningful progress toward curing the deficiencies that the Court identified in Plaintiff's original Complaint. There is not any basis on this record to believe providing Plaintiff an additional attempt to re-plead his claims and spending multiple more months on another round of Rule 12 litigation will prove fruitful.

Accordingly, on this record and in light of Federal Rule of Civil Procedure 1's directive that the court should "secure the just, speedy, and inexpensive determination of every action," the court finds allowing Plaintiff to again amend his Complaint would cause undue delay. This factor, therefore, supports denying Plaintiff leave to amend his Amended Complaint and dismissing Plaintiff's claims with prejudice.

## C. Prejudice to the Opposing Party

Permitting Plaintiff to again amend his complaint would prejudice Defendants to the extent of the undue delay noted above and the resulting attorneys' fees and court costs that Defendants would incur **[*24]** therefrom. Accordingly, although the court finds this factor also supports denial of any further opportunity to amend, these considerations are largely duplicative of undue delay.

## D. Futility of Amendment

"Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2004). Amendment would be futile when, for example, claims are barred by the applicable statute of limitations. *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018). The court addresses the futility of amending Plaintiff's claims in turn.

### 1. Copyright Infringement

Plaintiff contends the court should grant him leave to amend his copyright claims because Plaintiff can cure the deficiencies in his Amended Complaint. In particular, Plaintiff argues he can cure the pleading deficiencies related to the statute of limitations by alleging he did not discover the allegedly infringing activity until February 2017. (Pl.'s Resp., ECF No. 64, at 1.) With regard to his failure to state a claim, Plaintiff asserts he can amend his Complaint to allege BET is using the copyrighted material from Nestside Story on two websites which he describes as "www.nestcoastent/bandmine.com" and "www.nestcoastent/myspace.com," is "reproduc[ing] the copyrighted work in copies or phonorecords," is distributing the copyrighted **[*25]** material to the public, is performing the copyrighted material publicly,

and is using Plaintiff's copyrighted works in the television series "Empire." (*Id.* at 2-7.)

With respect to Plaintiff's proposed amendment regarding the statute of limitations, the court finds such an amendment would be inappropriate because it would contradict allegations in the Amended Complaint. In particular, Plaintiff's assertion that he can allege he learned of the infringing activity in February 2017 contradicts the allegations in his Amended Complaint that he sent notice to Defendants of the allegedly infringing activity in 2014 and 2016. It would be inappropriate to permit Plaintiff leave to amend simply to contradict previous allegations. *Corinthian Colleges*, 655 F.3d at 995; *Hall v. SeaWorld Entm't, Inc.*, 747 F. App'x 449, 452 (9th Cir. 2018).

Plaintiff's proposed amendments to the merits of his copyright-infringement claim also would not be sufficient to raise a viable claim. Despite having multiple opportunities to do so, Plaintiff still has not demonstrated or even plausibly alleged he has ever owned a registered copyright for Nestside Story. Moreover, Plaintiff's identification of the allegedly infringing conduct remains ambiguous. The URLs that Plaintiff provided for the websites containing the allegedly infringing **[\*26]** conduct are invalid. In addition, Plaintiff does not explain how or when his copyrights were infringed on "Empire" or, in any event, how the alleged use of his copyrighted material on "Empire" is attributable to any Defendant.[2] Moreover, the court notes Plaintiff has not proposed any amendments to his pleadings specific to Amazon. The court, therefore, finds Plaintiff has not demonstrated that he will be able to cure the deficiencies in his copyright-infringement claim. In light of this failure, Plaintiff's history of unsuccessful litigation

regarding these matters, and Plaintiff's inability to make any meaningful progress toward curing the deficiencies in his original Complaint, this court finds further amendment of Plaintiff's copyright-infringement claim would be futile and this factor weighs heavily in favor of denying Plaintiff leave to amend.

## 2. Trademark Claims

Plaintiff contends he can also cure the deficiencies in his trademark claims. In particular Plaintiff asserts BET "created or listed their logo on www.nestcoastent/bandmine genre a commercial website and linked it to www.nestcoastent/myspace.com to advertise, and sale [*sic*] their goods and services on eBay and Amazon all **[\*27]** over the world." (Pl.'s Resp., ECF No. 64, at 7.) Plaintiff contends he can demonstrate BET is also "using a reproduction of Plaintiff's registered trademark" on those websites. (*Id.*) With respect to trademark dilution, Plaintiff contends he can allege BET's trademark is famous and, therefore, that BET's alleged use of Plaintiff's mark demonstrates that Plaintiff's trademark is also famous and distinctive.

Plaintiff's proposed amendments will not cure the deficiencies in his Amended Complaint as to whether his trademark claims are time-barred for the same reason as Plaintiff's copyright claim; the court will not permit amendment to contradict previous allegations. Moreover, Plaintiff's proposed amendments to the merits of his claims suffer from many of the same problems as his proposed amendments to his copyright claims. In sum, Plaintiff has not demonstrated another opportunity to amend his trademark claims will bring him any closer to stating a viable claim. Accordingly, as it did with Plaintiff's copyright claim, the court finds further amendment of Plaintiff's trademark claims would be futile and this factor weighs

---

[2] BET points out that it does not broadcast "Empire."

2019 U.S. Dist. LEXIS 54446, *27

heavily in favor of denying Plaintiff leave to amend.

E. Previous [*28] Opportunities to Amend

Plaintiff has had one previous opportunity to amend after the court issued a detailed Order outlining the deficiencies in Plaintiff's original Complaint. Although in many instances it is appropriate to give a plaintiff more than one opportunity to amend a complaint, for the above reasons doing so would be inappropriate in this case.

On this record, therefore, the court finds Plaintiff should not be given another opportunity to amend his Complaint and Plaintiff's claims should be dismissed with prejudice.

*Conclusion*

For the reasons stated above the Motions to Dismiss filed by BET and Amazon (ECF Nos. 61, 62) should be GRANTED. BET's Request for Judicial Notice (ECF No. 70) should also be GRANTED.[3] Plaintiff's Amended Complaint should be dismissed with prejudice and, accordingly, the Court should enter judgment.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 23, 2019. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response [*29] is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: This 6th day of March, 2019.

/s/ John V. Acosta

JOHN V. ACOSTA

United States Magistrate Judge

_____

**End of Document**

_____

[3] In his Response to BET's Request for Judicial Notice Plaintiff moves this Court to strike BET's Request apparently on the basis that BET's arguments are incorrect. (PL's Resp. to BET's Req. for Judicial Notice, ECF No. 76.) Plaintiff has not established any basis to strike BET's Request for Judicial Notice. Accordingly, the Court declines to do so.


Neutral
As of: December 30, 2019 5:05 PM Z

## *Blocker v. Black Entm't Tel., LLC*

United States District Court for the District of Oregon, Portland Division

March 28, 2019, Decided; March 28, 2019, Filed

No. 3:17-cv-01406-AC

**Reporter**
2019 U.S. Dist. LEXIS 52892 *; 2019 WL 1413741

TYRONE BLOCKER, Plaintiff, v. BLACK ENTERTAINMENT TELEVISION, LLC and AMAZON, Defendants.

**Prior History:** *Blocker v. Black Entm't TV, LLC, 2019 U.S. Dist. LEXIS 54446 (D. Or., Mar. 6, 2019)*

## Core Terms

recommendation, magistrate judge, dismissal with prejudice, no objection, portions, novo

**Counsel:** **[*1]** Tyrone Blocker, Plaintiff, Pro se, Portland, OR.

For BET, Defendant: Kaley L. Fendall, Steven E. Klein, LEAD ATTORNEYS, Davis Wright Tremaine, LLP, Portland, OR.

For Myspace, Defendant: Jack R. Scholz, LEAD ATTORNEY, Chernoff Vilhauer LLP, Portland, OR; Laura E. McSwiggin, Tyler R. Dowdall, LEAD ATTORNEYS, PRO HAC VICE, Epport, Richman & Robbins, LLP, Los Angeles, CA; Susan D. Pitchford, Chernoff Vilhauer McClung & Stenzel, LLP Portland, OR.

For Amazon, Defendant: James E. Geringer, Klarquist Sparkman, LLP, Portland, OR.

**Judges:** MICHAEL W. MOSMAN, Chief United States

District Judge.

**Opinion by:** MICHAEL W. MOSMAN

## Opinion

OPINION AND ORDER

**MOSMAN, J.,**

On March 6, 2019, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R) [83], recommending that Defendants BET's and Amazon's Motions to Dismiss [61], [62] be granted, BET's Request for Judicial Notice [70] be GRANTED, and that Plaintiff's Amended Complaint [59] be dismissed with prejudice. No objections were filed.

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final **[*2]** determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. *28 U.S.C. § 636(b)(1)(C)*. However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)*; *United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)*. While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in

**APPENDIX A**
**Page 13 of 14**

2019 U.S. Dist. LEXIS 52892, *2

either case, I am free to accept, reject, or modify any part of the F&R. *28 U.S.C. § 636(b)(1)(C)*.

**CONCLUSION**

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [83] in full. Defendants BET's and Amazon's Motions to Dismiss [61], [62] are GRANTED, BET's Request for Judicial Notice [70] is GRANTED, and Plaintiff's Amended Complaint [59] is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 28th day of March, 2019.

/s/ Michael W. Mosman

MICHAEL W. MOSMAN

Chief United States District Judge

---

**End of Document**

# CERTIFICATE OF SERVICE

I certify that on December 30, 2019, I served or caused to be served a true and complete copy of the foregoing Defendant Alpha Media LLC's ALTERNATIVE MOTIONS TO STRIKE OR TO DISMISS COMPLAINT on the party or parties listed below as follows:

- ☑ Via CM / ECF Filing
- ☐ Via First Class Mail, Postage Prepaid
- ☐ Via Email
- ☐ Via Personal Delivery

Michael Owen Stevens, OSB 095198
Stevens & Legal
3699 NE John Olsen Ave
Hillsboro OR  97124
michael@hillsborofirm.com

Of Attorneys for Plaintiff

HARRANG LONG GARY RUDNICK P.C.


By:  s/ Susan Marmaduke
    Susan Marmaduke, OSB 841458
    Of Attorneys for Defendant ALPHA
    MEDIA LLC